THE McLAIN LAND AND INVESTMENT COMPANY, *a corpora-tion*, v. W. R. KELLY, *Sheriff*.

(Filed July 6, 1901.)

1. INJUNCTION—Sufficient Averments. The issues in this case were determined upon a motion to dissolve an injunction, which was brought to restrain the execution of a judgment, one of the averments of the petition being that there was no judgment rendered by a court having jurisdiction. The fact avered in the motion to dissolve the injunction that the injunction was "improvidently and wrongfully granted," and that "the plaintiff was not entitled to the relief prayed for in its petition," were sufficient to raise the is-sues as to whether there was, in fact, at the time of the filing of the petition, any cause pending between the plaintiff and the defend-ant company, and whether or not, if any such judgment did ap-pear of record, it was or was not void for want of jurisdiction in the court to enter it.

2. EXECUTION—Sale Under. The statute of this territory direct-ing the sale of real estate under execution is, as follows "4350. Lands and tenements taken on execution shall not be sold until the officers cause public notice of the time and place of sale to be given for at least thirty days before the day of sale, by adver-tisement in some newspaper printed in the county, or, in case no newspaper be printed in the county, in some newspaper of general circulation therein, and by putting up an advertisement upon the court house door, and in five other public places in the county, two of which shall be in the township where such lands and tenements lie. All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable." In this case the notice of sale stated the name of the defendant defec-tively. This will not vitiate the sale.

3. NOTICE—Sufficient When. The statute does not require the officer to include in his notice of the time and place of sale, the names of either the plaintiff or of the defendant. It was of no importance to the public whether the execution debtor was named or not, in the notice of sale.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before Clinton F. Irwin, Trial Judge.*

*W. C. Stevens,* for plaintiff in error.

*P. S. Nagle,* for defendant in error.

### STATEMENT OF FACTS.

This was a proceeding in injunction in which the petition was filed in the district court of Kingfisher county, and in which, in the absence of the presiding judge from the district, a restraining order was procured from the probate judge of the county, restraining the defendant in error from selling the lands described in the petition under an execution then in his hands.

Upon a motion of the defendant in error before the district court, to dissolve the temporary restraining order, and upon a hearing, the motion was sustained, excepted to, and the case brought here for review thereupon.

The petition charged that the defendant was threatening to sell the land described therein, under an execution purporting to have been issued upon a judgment rendered in an action in the district court, wherein Swofford Brothers Dry Goods company was plaintiff, and the plaintiff in error, the McLain Land and Investment company, was defendant, and that the sheriff had advertised the lands for sale by virtue of an execution then in his hands, issued in the case of *Swofford Brothers Dry Goods,* (omitting the word company,) *v. McLain Land and Investment Company.* The petition alleged that there never was any such cause pending in the district court of Kingfisher county as that in which the execution was pretended to be issued, to-wit: Swofford Brothers Dry Goods company against the McLain Land and Investment company, nor was any judgment ever rendered against the plaintiff in any such cause, and that there never

was pending in the district court any action wherein "The Swofford Brothers Dry Goods" was plaintiff and the McLain Land and Investment company was defendant, nor was any judgment ever rendered in ay such case agaist the plaintiff. The plaintiff further said that no judgment was ever rendered against the plaintiff, which was authorized by the pleadings in any cause ever pending between said plaintiff and said Swofford Brothers Dry Goods company, and that if any such appears of record the same is wholly and absolutely void, for want of jurisdiction to enter the said judgment in the court attempting or pretending to enter the same.

The motion to dissolve the restraining order, upon which the hearing was had below, asked the court to dissolve the injunction in the cause, for the reason that the "same was improvidently and wrongfully granted," and that "the said plaintiff is not entitled to the relief prayed for in its petition," and that it "does not state facts sufficient in its petition to constitute a cause of action against the defendant."

Upon the issues thus framed, the hearing was had before the court, and the court rendered judgment that "being fully advised in the premises, finds that said motion ought to he sustained, and said injunction dissolved."

Opinion of the court by

McATEE, J.:   It is argued in the brief of the plaintiff in error that no question was raised by the motion to dissolve the injunction, except that of the sufficiency of the petition, and that the motion ought to have been overruled, since the petition averred that "no judgment was ever rendered against the plaintiff which was authorized by the pleadings, in any

causes ever pending between the plaintiff and the Swofford Brothers Dry Goods company, and that if any such appears of record, the same is wholly and absolutely void for want of jurisdiction to enter said judgment in the court attempting or pretending to enter the same."

But we cannot sustain this view since it is averred in the motion that the injunction ought to be dissolved, for the reason that it was "improvidently and wrongfully granted," and that "the plaintiff was not entitled to the relief prayed for in its petition." These averments were sufficient to raise the issue as to whether there was, in fact, at the time of the filing of the petition any cause ever pending between the plaintiff and the Swofford Brothers Dry Goods company, and whether or not, if any such judgment did appear of record, it was or was not void for want of jurisdiction in the court to enter it."

No copy of any judgment was furnished in the case-made. But, inasmuch as the fact of the existence of such a judgment, with the jurisdiction to enter the same, was sufficiently raised by the averment of the motion to dissolve, and the judgment and proceedings which led up to it were not brought here for examination, the ruling of the court below will be affirmed.

The case-made shows that the execution was issued in behalf of the "Swofford Brothers Dry Goods company," but the sheriff's notice of sale sets forth that "notice is hereby given that by virtue of an execution issued by the clerk of the district court * * * * within and for Kingfisher county, in an action wherein Swofford Brothers Dry Goods is plaintiff, and the McLain Land and Investment company, defendant."

While the judgment was recovered and the execution issued in favor of the Swofford Brothers Dry Goods company, the notice of sale omiits the word "company" in reciting the name of the plaintiff company, and it is contended that this is an error fatal to the proceedings, and that the failure of the court to continue and make permanent the injunction on that account is reversible error.

We do not find it to be so. The statute under which the sale was made provides, Statutes of 1893, that:

"(4350) Sec. 472.—Lands and tenements taken on execution shall not be sold until the officer cause public notice of the time and place of the sale to be given, for at least thirty days before the day of sale, by advertisement in some newspaper printed in the county, or, in case no newspaper be printed in the county, in some newspaper of general circulation therein, and by putting up an advertisement upon the courthouse door, and in five other public places in the county, two of which shall be in the township where such lands and tenements lie. All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable."

It will thus be seen that while the statute directs explicitly that notice of the time and place of sale shall be given for thirty days by advertisement, the particular method of which is described, that it does not require the officer to specify in the notice of sale the names of either the plaintiff or defendant in the judgment or the name of the judgment debtor whose property is being so sold. It does provide that all sales made without the advertisement as described in the statute, shall be set aside on motion by the court to which the execution is returnable. But the statute nowhere prescribes that the name of the judgment debtor shall be in-

serted in the advertisement or that the omission of his name shall constitute an error for which the sale may be set aside or invalidated. And in the absence of a statute requiring it, a sale will not be vitiated by the failure of the notice to set out the names of the parties. (20th Ency. of Pl. & Pr. p. 197.)

It was held in *Chapman v. Morrill,* 19 Hun. (N. Y.) 318, that:

"No objection is made to the notice except that the name of the defendant in the execution is not given. The statute does not seem to require it. The notice is to be six days; it must describe the property to be sold under the execution, and it must state the time and place of the sale; all this was done. It was of no importance to the public whether the execution debtor was named or not."

In *Harrison v. Cachelin,* 35 Mo. 79, the sheriff, having an execution against A. B. and C., in his advertisement stated that by virtue of an execution against A. "and others," he had levied upon, etc., describing the time and place of sale and the property to be sold. It was held that the advertisement complied with the statute, and that the title of B. and C. passed by the sheriff's sale and deed.

The judgment of the lower court will be affirmed.

Irwin, J., having presided in the court below, not sitting; all of the other Justices concurring.