### ZWEIGART v. STRAHAN et al.

No. 9262—Opinion Filed Aug. 20, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 213.)

**1. Mortgages—Foreclosure—Waiver of Appraisement—Order of Sale—Attachment.**

In a proceeding to foreclose a mortgage on land, where the mortgage contains a waiver of appraisement, no order of sale or execution may lawfully issue on the judgment rendered until after the expiration of six months from the date of judgment; in such a case, where an execution is issued, which is returned unsatisfied, and property of the judgment debtor is sought to be taken in garnishment to satisfy the judgment, prior to the expiration of such six months, it is not error for the trial court, on motion of the judgment debtor, to dissolve the garnishment and release property so taken.

**2. Mortgages—Foreclosure—Judgment.**

Where a judgment is rendered foreclosing a mortgage on land, and also for the amount of indebtedness secured by the mortgage, the court should provide in the judgment for the sale of the mortgaged property and for execution for any balance due after sale, in which event any execution issued must conform to the judgment.

(Syllabus by Stewart, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Plaintiff, C. F. Zweigart, obtained judgment foreclosing mortgage on real estate against defendants, Kent Strahan and Maud Strahan, and afterwards and before sale of the mortgaged property procured the issuance of a general execution which being returned unsatisfied, the plaintiff attempted to take money of defendants by garnishment. From judgment of the court dissolving garnishment, plaintiff brings error. Affirmed.

W. L. Curtis, for plaintiff in error.

W. D. Halfhill, for defendants in error.

Opinion by STEWART, C. On January 17, 1917, the plaintiff, C. F. Zweigart, obtained judgment against the defendants, Kent Strahan and Maud Strahan, the material portion of which judgment is as follows:

"It is therefore considered and adjudged by the court that the said plaintiff do have and recover of and from the said defendants, Kent Strahan and Maud Strahan, the sum of $940.13 the amount so as aforesaid found to be due to said plaintiff, together with 10 per cent thereon from this date until paid, and in addition thereto the sum of $94.01 as attorney's fees. And it is further ordered and adjudged by the court that in case the said defendants fail for six months from the date of the rendition of this judgment, to pay said plaintiff the sum of $940,13, together with 10 per cent. interest thereon per annum from this date, and the costs of this suit, and in addition thereto, $94.01 as attorney's fees, the amounts so as aforesaid found to be due to said plaintiff, that an order of sale issue to the sheriff of the said county of Muskogee, in the state of Oklahoma, commanding him to advertise

and sell according to law, without appraisement, the lands and tenements in said petition described, as follows, to wit: Lots numbered 1 and 2 in block numbered 32 and lot numbered 4 in block numbered 60, lot numbered 12 in block numbered 73, and lots numbered 1, 2 and 3 in block numbered 83, all in the incorporated town of Ft. Gibson, Muskogee county, Okla., lying and situate in the county of Muskogee and state of Oklahoma, and to apply the proceeds arising from said sale, first, to the payment of the costs of said sale and of this action; second, in payment to said plaintiff of said sum of $940.13, together with interest thereon at the rate of 10 per cent. per annum from this date, together with an additional sum of $94.01 as attorney's fees, the amounts so as aforesaid found to be due to said plaintiff; third, that the residue, if any there be, he pay into court to be applied under the direction of the court as the respective interests of the defendants may hereafter appear, and if the amount derived from said sale is insufficient to satisfy the judgment and costs, let execution issue against the defendants, Kent Strahan and Maud Strahan, for the remainder unpaid."

On May 18, 1917, plaintiff caused a general execution to issue against the property of such defendants, which execution was returned at once, "No property found." On the same day plaintiff made affidavit of garnishment, and garnishment summons was issued to certain named garnishees, who duly answered, one of such garnishees paying money belonging to defendants into court. On motion of defendants, the court dissolved the garnishment and released the funds garnished, from which action of the court plaintiff duly prosecutes error.

The only question involved is whether or not the proceedings in execution were premature, being commenced before the sale of the mortgaged property ordered to be sold to satisfy the judgment. Section 5216, R. L. 1910, reads:

"In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs, be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

It will be observed that the execution must conform to the judgment, and that the statute quoted authorizes the court to do just what was done; that is, to order execution after the sale of the property in case the judgment is not satisfied by the proceeds of the sale.

It is contended by the plaintiff in error that where a note is secured by a mortgage on real estate the creditor has the right to pursue either one or both of two remedies, that is, one on the note against the property of the debtor and the other by foreclosure. Without taking issue with learned counsel as to the abstract proposition of law involved, we may say that, in the case at bar, we are of the opinion that the court was fully authorized to provide in the judgment itself the means and manner in which the same should be enforced, and, having done so, it was the duty of the plaintiff to conform to the order of the court. It is said in Price et ux. v. Citizens' State Bank, 23 Okla. 723, 102 Pac. 800:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution * * * is special, and must conform to the order of the court."

We may further add that, in the case at bar the mortgage sued upon contained a provision for the waiver of appraisement, and the judgment so provides. Counsel for plaintiff have evidently overlooked section 5162, Rev. Laws 1910, which inhibits the issuing of an order of sale or execution on a judgment of foreclosure where appraisement is waived until the expiration of six months from the time of the rendition of the judgment. Section 5162 reads:

"If the words 'appraisement waived,' or other words of similar import, shall be inserted in any deed, mortgage, bond, note, bill or written contract, any court rendering judgment thereon shall order as a part of the judgment that the same, and any process issued thereon, shall be enforced, and that lands and tenements may be sold thereunder without appraisement; and such judgment, and any process issued thereon, shall be enforced and sales of lands and tenements made thereunder, without any appraisement or valuation being made of the property to be sold: Provided that no order of sale or execution shall be issued upon such judgment until the expiration of six months from the time of the rendition of said judgment."

The garnishment in this case being in aid of execution, and the execution having been issued prior to the expiration of six months from the judgment of foreclosure and in contravention of the specific order of the court, any proceedings under such execution or in connection therewith are unauthorized, and the court properly dissolved the garnishment and released the property.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.