**MILLER et al. v. FARMERS' NAT. BANK.**

No. 12069—Opinion Filed Dec. 4, 1923.

1. **Mortgages — Foreclosure — Sale of Parcels Together — Waiver of Objections.**

Where a decree is rendered ordering foreclosure of real estate mortgage and defendant excepts to the judgment on ground that the court committed error in failing to order sale of the property in separate parcels, and files a motion for new trial alleging this as error, and said motion is passed on and overruled in the absence of the defendant, and no appeal is taken or application made to set the order aside, the error is waived, and cannot be urged as an objection to the confirmation of the sale.

2. **Same — Notice of Sale — Sufficiency.**

The provision in a notice of sale as follows: "I will on the 22nd day of June, 1920, at the hour of two o'clock p. m. on said date at the west door of the court house in Oklahoma City, said county and state, offer for sale and sell to the highest bidder for cash, the said property above described," is sufficient to advertise a sale at public auction.

3. **Same — Objections to Confirmation — Sale for Less than Value.**

In a foreclosure sale, where the appraisement is waived, it is not error, in absence of fraud, to overrule an objection to confirmation of sale on ground the property did not sell for its true value.

4. **Same — Time for Redemption.**

In a foreclosure sale, where appraisement is waived, the six months' redemption period commences to run from the date of the decree of foreclosure and not the date of filing and recording the decree.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Farmers' National Bank of Oklahoma City, Okla., against Loyal J. Miller and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Loyal J. Miller, for plaintiffs in error.

Keaton, Wells & Johnston, for defendant in error.

Opinion by THREADGILL, C. This is an appeal from an order of the district court of Oklahoma county overruling objections to confirmation of sheriff's sale and sustaining motion to confirm the sale of lots 19, 20, 21, 22, 23, and 24, in block number 2, and lots 25, 26, 27, 28, 29 and 30 in block number 1, in Northeast addition, Oklahoma City, under a judgment of foreclosure, which sale was made June 22, 1920, under a judgment rendered on April 23, 1919, in favor of the Farmers National Bank of Oklahoma City, defendant in error, hereinafter called plaintiff, and against Loyal J. Miller et al., as defendants.

The plaintiff brought suit against Loyal J. Miller, Ada M. Miller, his wife, Leila Englehart, F. A. Englehart, Verna Rice, and Emily L. C. Childs and obtained judgment against the defendants Loyal J. Miller and Leila Englehart on two notes in the sum of $1,984.78, with interest at the rate of eight per cent. per annum from December 10, 1917, and attorney's fees of $198.47, and all costs of the action, and judgment for foreclosure of the mortgage on the above described property.

It appears from the record and from the answer of Verna Rice that she signed the mortgage, but she had no interest in the real estate except an undivided one-third interest in lots 19, 20, 21, 22, 23, 24, block number 2, and she was the only one of the defendants who contested the foreclosure proceedings. She states what interest she has in the real estate and asks that this interest be sold separately from the interests of the others, but the court in rendering judgment did not order her interests sold separately, but made the order generally to sell the real estate described in the mortgage to satisfy the judgment, to which judgment the defendant Verna Rice excepted. Thereafter she filed a motion for new trial, which the record shows was overruled by the court on January 24, 1920, in the absence of her counsel. The record discloses that she failed to make any application to have the order overruling her motion for new trial set aside. On May 17, 1920, an order of sale was issued directing the sheriff to advertise and sell the property without appraisement, and notice was given to sell the property, on June 22, 1920, at two o'clock p. m., at the west door of the court house in Oklahoma City, and to the

highest bidder for cash, and on that date the sheriff offered the property for sale to the highest bidder for cash and there was no one present that offered a bid on the property except the plaintiff, the Farmers' National Bank of Oklahoma City, who bought it in for $1,000. The plaintiff moved for confirmation of the sale, and the defendants filed the following objections to the confirmation:

"Come now the defendants and object to the confirmation of sheriff's sale herein, for the following reasons and grounds:

"First: That the notice of sale is void on its face because it does not run in the name of 'The State of Oklahoma,' and the order of sale was issued without praecipe therefor.

"Second: That the proceedings in respect to the same, and the sale of the property, are irregular and void, for the reason that the said sale was not had at public auction, as is required by law, and by the said order of sale.

"Third: That the sale is void for the reason that said property was not sold according to law.

"Fourth: That the said notice of sale failed to state that the sale would be at public auction, as the law requires.

"Fifth: That the sale is void for the reason that the property was offered for sale, and sold, en masse, instead of separately as was requested by said defendant, Verna Rice, she being interested only in a part of said real estate.

"Sixth: That the property was sold to plaintiff not under competitive bids, and at public auction, and at a grossly inadequate consideration and price.

"Seventh: That the only bidder at said sale was the plaintiff.

"Eighth: That said property was not sold for cash as provided in said order of sale, and that no consideration has been paid to the sheriff therefor.

"Wherefore the defendants pray that the said sale be set aside and that the same be not confirmed.

"Loyal J. Miller, Attorney for Defendants."

On August 20, 1920, the objections were overruled and an order made confirming the sale. The defendants excepted and filed motion for a new trial which, omitting the caption, was as follows:

"1. Errors of law occurring on the said hearing and excepted to by said defendants making this application.

"2. That the decision of the court is not sustained by sufficient evidence and is contrary to law.

"3. That the court erred in holding and ruling that the said sale was held at public auction.

"4. That the court erred in holding and ruling that the publication notice of the claimed sheriff's sale was sufficient to constitute notice of a public sale or a sale at public auction.

"5. That the court erred in not finding that the said property was not sold under competitive bidding, and not at public auction, and that it was sold at a grossly inadequate consideration and price.

"6. That the court erred in not holding that the sale was illegal for the reason that no proper notice of the sale was given and was attended only by the attorney of the plaintiff and the officer conducting the sale, and was sold for a grossly inadequate consideration and price."

1. The defendant Verna Rice is the only party represented by the brief of plaintiff in error. She contends that the sale of the lots in gross should not have been confirmed for the reason that she had only an undivided one-third interest in part of the lots described in the mortgage and she made this interest appear in the pleadings and in the trial of the case, and in her answer asked that the lots she was interested in be sold separately, and the court failed to make an order for separate sale, and she excepted to the judgment and assigned this as error in her motion for new trial; that the motion for new trial was passed on and overruled in the absence of her counsel; that the sheriff sold the lots en masse; citing Bell v. Taylor, 14 Kan. 277; Pritchard v. Madren, 31 Kan. 38; Dexter v. Cochran, 17 Kan. 451; Freeman on Void Judicial Sales (3rd Ed.) section 39, all to the effect that since the defendant contended for separate sale of the property she was interested in and the court refused to order it and all the lots were sold together, the sale was void and should not have been confirmed by the court.

The plaintiff in meeting this argument cites the case of Miller v. Trudgeon, 16 Okla. 337, 86 Pac. 523, holding that the rule contended for by the defendant is not an arbitrary rule, and where the court refuses to follow the rule for separate sale, its action will not be reversed by this court unless plainly erroneous. Plaintiff also contends that this question was settled by the judgment of foreclosure and in refusal of the court to make an order for separate sale, and since there was no appeal from that judgment, defendant cannot raise the question in objection to the confirmation of sale, and in this we think the plaintiff is right.

The defendant says she had no opportunity to appeal from the judgment because

her motion for new trial was overruled by the court in her absence, and the time expired for saving her exceptions and preparing a case-made for review, but in view of the fact that the defendant failed to make any application to have the order overruling her motion for new trial set aside, she waives the error complained of.

2. In the next place defendant contends the notice of sale was not sufficient because it did not contain the words, "at public auction." The notice did contain the following statement:

"I will on the 2nd day of June, 1920, at the hour of two o'clock p. m. on said date at the west door of the court house in Oklahoma City, said county and state, offer for sale to the highest bidder for cash the said property above described."

The testimony shows the sale was made by the officer at the place and time set out in the notice, at public outcry, the sheriff reading the notice and offering the property to the highest bidder for cash and calling on any person present to bid and purchase.

We think the notice is sufficiently clear on its face that the sale was to be at public auction, and the testimony clearly shows that this was the manner of the sale. There is no merit in the objection.

3. The defendant further complains that the property did not sell for its true value.

The record discloses that the judgment of foreclosure was rendered on April 23, 1919, and the sale of the property was made on June 22, 1920, and the mortgage contained the words, "and waived the appraisement," and under section 7635, Comp. Stat. 1921, the sale was authorized at public auction to the highest bidder for cash without appraisement and without question of the true value. Sims v. Bank, 56 Okla. 129, 155 Pac. 878.

The trial court allowed testimony to be introduced on the contest of the confirmation of sale to show the true value of the property, but in the absence of fraud, we cannot see where the testimony served any useful purpose. There is no provision of law invalidating the sale for lack of sufficient consideration except where appraisement is required. This objection cannot be sustained.

4. The defendant's last objection is that the order of sale was prematurely issued. Let us see what the record discloses. The decree of foreclosure was rendered April 23, 1919, but was not filed and recorded until May 6, 1920; the order overruling motion for new trial was made January 24, 1920,

but was not filed and recorded until May 6, 1920; the order of sale was issued May 17, 1920, and the sale was made June 22, 1920. It may be conceded the sale could not be made until six months after the decree of foreclosure, but defendant contends it could not be made until six months after the recording of the decree, citing Church v. Goodin, 22 Kan. 368, but we cannot see how this case can sustain the defendant. This was a case in which it was contended the execution was premature because issued while motion for new trial was pending and the court held against the contention, and in passing on the question the court said:

"After the judgment is fully recorded it is valid and has force and effect notwithstanding the pendency of the motion for new trial."

This court has held in Shoals v. Freeland, 91 Okla. 238, 217 Pac. 176, that the written order of judgment relates back to the verbal rendition of the same by the court and is in force and effect from the date rendered. The six months time commences to run from the date of the judgment and not from the time it was filed and recorded, and we must, therefore, hold that the objection of the defendant on this point is without merit. We think the judgment of the trial court was correct and should be affirmed.

By the Court: It is so ordered.