## MIDLAND VALLEY R. CO. v. CHARTER.

No. 15692—Opinion Filed Oct. 20, 1925.

Rehearing Denied Nov. 24, 1925.

**Appeal and Error—Theory of Case as Tried Controlling.**

In a case brought to recover the value of a certain animal alleged to have been killed by eating poisoned vegetation on a railroad right of way, where both plaintiff and defendant try the case on the theory of negligence in putting out such poison without proper notice to the plaintiff, such theory of the case follows it to this court, and a reversal will not be granted on the ground that included in plaintiff's bill of particulars in justice court were allegations of willful and wanton injury, where this question was not raised on the trial by objections or exceptions to testimony, nor by requests for instructions on that theory.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Perry Charter against the Midland Valley Railroad Company to recover damages for the death of a mule alleged to have been caused by the negligence of the railway company. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was originally commenced before a justice of the peace. The bill of particulars joined allegations of wanton and willful injury with allegations of negligent injury. There was judgment by default in the justice court, and upon trial de novo in the district court the only pleading filed by defendant was a general denial and a special plea of contributory negligence. Trial was had in the district court upon the issues thus framed, and resulted in a verdict and judgment in favor of plaintiff for the sum of $200. After unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

O. E. Swan, Grinstead, Scott, Hamilton & Gross, and Blakeney & Ambrister, for plaintiff in error.

Joseph D. Mitchell, for defendant in error.

Opinion by LOGSDON, C. There are nine specifications of error in the petition in error filed in this case, but in the view taken by this court it will only be necessary to consider two of the propositions urged:

First. Did the trial court commit reversible error in overruling the demurrer of the defendant to the evidence of the plaintiff?

Second. Did the trial court commit reversible error in its instructions to the jury upon the question of negligence?

It is urged and insisted under the first proposition, among other contentions, that plaintiff having alleged in his bill of particulars filed in the justice court a wanton and willful injury, it was incumbent upon him to introduce evidence in support of such allegation, and having failed to do so, it was error in the trial court to overrule defendant's demurrer to plaintiff's evidence. It is true that in the bill of particulars allegations of wanton and willful injury are joined with allegations of negligent injury, but in the district court no motion was directed against the pleading and the case was not tried by either party or by the court upon the theory of a wanton and willful injury. It is well settled by this court that pleadings in a justice court will not be strictly construed against the pleader, but that where a cause of action is stated upon any ground, the pleading will

be deemed sufficient. Garvin v. Harrell, 27 Okla. 373, 113 Pac. 186; Whitcomb v. Oller, 41 Okla. 331, 137 Pac. 709; Sulzberger & Sons Co. v. Hoover, 46 Okla. 792, 149 Pac. 887.

As to the negligence charged to have resulted in the death of plaintiff's mule, the uncontradicted evidence in the record discloses that defendant's line of railway runs through the premises occupied by the plaintiff during the year 1922, plaintiff's pasture being on one side of the right of way and his water supply for his stock being on the other; that defendant had constructed and maintained for the benefit of plaintiff a private crossing over its right of way on his premises which he used in taking his stock to and from the pasture and the water supply; that about June 20th of that year defendant sprayed its right of way with poison for the purpose of destroying vegetation growing thereon; that no notice of the putting out of such poison was posted at the private crossing used by the plaintiff; that on June 27th, while taking his stock from one side of the right of way to the other over this private crossing, one of his mules was seen to eat some of the weeds on which this poisonous solution had been sprayed; that the mule soon after became sick, and died on the second day thereafter; that the mule was of the reasonable market value of $200. On the part of the defendant the only testimony introduced as to the giving of notice to the plaintiff of the dangerous condition of the right of way by reason of putting out the poison was testimony as to the custom of the company when putting out poison to post notices thereof at all stations and at all public and private crossings, and direct evidence that such a notice was posted at the station nearest to the farm occupied by the plaintiff. With the record in this condition there was no error in the action of the trial court in overruling defendant's demurrer to the evidence of plaintiff, nor in denying the motion of defendant for a directed verdict at the close of all the testimony.

The complaint made of the instructions is based almost entirely upon the mixed allegations in the bill of particulars wherein willful and wanton injury and negligent injury were both alleged. At the close of the testimony defendant requested several instructions, which were refused by the court, but none of the requested instructions were based upon the theory that plaintiff's cause of action was based upon wanton and willful injury. The only instructions requested by the defendant were two paragraphs based upon negligence, and two other paragraphs based upon contributory negligence. In its general charge to the jury the court charged upon both of these questions. An examination of the instructions given by the court discloses that the question of defendant's negligence in putting out said poison in the manner the same was done, and the question of its negligence in the kind and character of notice given to the plaintiff of the presence of such poison on its right of way, fairly submitted the question of negligence to the jury. The question of plaintiff's contributory negligence was likewise fully covered and fairly submitted to the jury by the general instructions, and it is not apparent that any reversible error is shown by the refusal of the court to give defendant's requested instructions upon these two issues.

Neither plaintiff, defendant, nor the trial court paid any attention in the trial of the case to the allegations of wanton and willful injury made in the bill of particulars, and that theory was nowhere developed in the case by the evidence for either party or by the court's general instructions or the requested instructions of the defendant. It is, therefore, clearly apparent that the case was tried purely and solely upon the two questions of negligence of the defendant and contributory negligence of the plaintiff. It is well settled by a long line of decisions in this court, beginning with Hamilton v. Brown, 31 Okla. 213, 120 Pac. 950 (the authorities being too numerous for citation), that a party who has tried his case upon one theory in the trial court and lost cannot, on appeal to the Supreme Court, seek to have his cause reversed upon another and different theory not presented to the trial court.

A careful reading of the entire record of the trial, the instructions of the court and the requested instructions of the defendant does not disclose that any error prejudicial to the substantial rights of the defendant was committed upon the trial of this case, and, the jury having determined the two issues of negligence and contributory negligence against the defendant under instructions which fairly stated the principles of law applicable, and said verdict having been approved by the trial court and judgment entered thereon, such judgment should be and the same is hereby in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 727, §623;

2 R. C. L. pp. 183 et seq.; 3 R. C. L. Supp. pp. 428-430; 4 R. C. L. Supp. p. 89; 5 R. C. L. Supp. p. 78.