## PHELAN et al. v. STOCKYARDS BANK et al.
No. 22069. April 3, 1934.

Rehearing Opinion Withdrawn and Rehearing Denied May 8, 1934.

Hall & Thompson, R. W. Maupin, and S. A. Horton, for plaintiffs in error.

V. E. McInnis, Snyder, Owen & Lybrand, Mont F. Highley, and Haskell, Hirsch & Hirsch, for defendants in error.

McNEILL, J. This is an action to recover on the supersedeas bond filed in the case of

Phelan v. Stockyards Bank et al., 134 Okla. 13, 276 P. 175. That was a suit to foreclose a chattel mortgage on some dairy cattle.

It appears that a written contract had been entered into between John T. Phelan, the owner of a dairy farm, and J. B. Walker in reference to the cattle in question. The contract was signed by J. R. Phelan, as attorney in fact for his brother, John T. Phelan. Subsequent to the execution of said contract, which was never recorded, Walker mortgaged these cattle to the various defendants in error set forth in Phelan v. Stockyards Bank, supra, and the question arose in that case as to whether said contract which is set out in said opinion was a conditional sales contract. This court held that said instrument, although in the form of a lease, granting a privilege to purchase, under the facts and circumstances, was a contract for a conditional sale and void against subsequent good faith purchasers or incumbrancers for value.

Plaintiffs in error in the case at bar seek to avoid the force and effect of that opinion by reason of the fact that the trial court has held that the mortgagees are entitled to recover on the appeal bond, and rather vigorously assail the correctness of that opinion in holding that the instrument involved therein was a conditional sales contract.

John T. Phelan has filed a separate brief. He contends that J. R. Phelan, his brother, had no authority to employ counsel for him in said foreclosure action and in signing for him the appeal bond in question; that he was never served with any process; that he did not authorize any one to waive service of summons or make an appearance in the said case for him; and that the judgment rendered in said foreclosure action as to him was void.

Plaintiffs in error J. R. Phelan and J. S. Short insist that there was no consideration for the giving of the bond in question; that they had no interest in these cattle; that there was no competent evidence introduced as to the value of the cattle, and other contentions argued in detail which we do not consider.

The trial court made exhaustive findings of fact and conclusions of law, and specifically found that J. R. Phelan had full and compete authority as an agent for John T. Phelan to sell or contract for the sale of real and personal property and to authorize attorneys of his selection to enter the appearance of and waive summons in suits brought against John T. Phelan and to execute super-

sedeas bonds on appeals to the Supreme Court; and that J. R. Phelan had full and complete authority to authorize attorneys to do what they did in connection with and on his behalf in the foreclosure action, including the appeal and execution of the supersedeas bond to the Supreme Court.

The trial court also found from the evidence that, upon the appeal of said foreclosure action, briefs were filed for the respective parties, plaintiffs in error J. S. Short, John T. Phelan, and J. R. Phelan, by S. A. Horton; that after this court affirmed that case, said plaintiffs in error filed a petition for rehearing, and, after said petition for rehearing had been overruled, that Hall and Thompson, attorneys at law, appeared in said cause and procured an order in this court permitting them to file on behalf of said plaintiffs in error a second petition for rehearing; that after the mandate had issued to the district court of Oklahoma county affirming the judgment, the plaintiffs in that action procured the issuance out of the district court of said county an order of sale to the sheriff of said county; that subsequently it was developed that the defendants in that action, J. R. Phelan and J. S. Short, had sold said cattle for the sum of $1,890; and thereafter the instant action was instituted.

The court further found that a great number of properties in Oklahoma county, including cattle, stood in the name of John T. Phelan; that the said John T. Phelan had acquired the dairy farm by deed from said J. R. Phelan, who had been the owner thereof for a long period of time; that John T. Phelan had kept no record of the various properties owned by him, and had done nothing in the management or control of the same after their acquisition except at times he advised with his brother, J. R. Phelan, in reference thereto; that the said John T. Phelan at all times left the control and management of said property completely to his brother, J. R. Phelan, in whom he had full faith and confidence; that J. R. Phelan understood at all times that, in the management and control of said property, he had full and complete authority to employ attorneys in any action where John T. Phelan was plaintiff, or where he was defendant; that such authority was never questioned; that large sums of money and cash as rentals and otherwise from the proceeds of said property were deposited to the credit of John T. Phelan in banks in Oklahoma City; that said accounts were at all times,

with the knowledge and consent of said John T. Phelan, subject to the check of said J. R. Phelan; that the expenses of the foreclosure action and appeal were paid by J. R. Phelan out of the funds deposited to the credit of John T. Phelan, including the various premiums on the supersedeas bond, as well as the case-made and the printing of the briefs, without any objection ever having been raised thereto by John T. Phelan.

The court also found that the value of the cattle in controversy at the time of the execution of the supersedeas bond and at the time of the sale was $1,890.

This is an action at law. When a cause is tried to the court in an action at law without the intervention of a jury, and there is a conflict in the evidence on the issues joined, the determination of the questions of fact therein is for the trial court, and the Supreme Court on appeal will not weigh the evidence or determine as to the credibility of the witnesses, that question being one for the trial court; and where there is evidence reasonably tending to support the findings of the trial court, in an action at law, these findings will not be disturbed on the weight of the evidence. We have announced this proposition of 'law many times. See Harlow's Oklahoma Civil Digest, vol. 1, pp. 240-243.

Much emphasis is stressed upon the question of jurisdiction over the defendant John T. Phelan. The trial court was of the opinion that jurisdiction had been obtained. A very strong and cogent presumption, at least, existed. This appears from the testimony of S. A. Horton, an attorney at law, and from the brief filed by attorneys, Hall & Thompson, on the application for a second petition for rehearing in this court in said foreclosure action, each of whom, attorneys of recognized ability, assumed, and caused the court to believe, that none of their acts were without authority. There always exists a weighty presumption that an attorney will not violate his professional duties as an officer of the court.

In the case of Hardin v. Ho-yo-po-nubby's Lessee, 27 Miss. 579, the Supreme Court of Mississippi said:

"An attorney is an officer of court, and responsible to the court for the propriety of his professional conduct, and the proper use of the privileges he has, as such. * * * He is permitted by almost universal practice in this country to do so under verbal retainer, and it is only in cases of clear want of authority or abuse of his privilege that he is held to be incompetent to institute a suit or to represent a party in court. The presumption is in favor of his authority, and though he may be required to show it, yet, if he acts in good faith and the want of authority is not manifest, he will not be held to have acted without authority because it is not shown according to strictly legal rules. If this were not so the greatest inconvenience in practice would continually occur both to clients and attorneys; for suits are frequently instituted by attorneys under the authority of letters from their clients, who are strangers, and whose handwriting is unknown to them, and could not be proved without great trouble and delay. * * * All that is required to be shown in such cases in the first instance is, that the attorney has acted in good faith and under an authority appearing to be genuine, though informal."

See, also, Osborn v. United States Bank, 9 Wheat. (U. S.) 830, and Clark & Skyles on Agency, section 634, p. 1380.

When the entire record is considered in this case, we conclude that a state of circumstances existed whereby the court acquired jurisdiction over the defendant John T. Phelan, and that such findings to that effect by the trial court are amply supported by the record.

As to the strenuous insistence in reference to the Phelan Case, supra, being erroneous, we are of the opinion that those facts were fully presented to the trial court and this court at the time of the delivery of the opinion in that case, and later more fully considered upon the presentation of the second application for petition for rehearing which was denied. We consider it unnecessary to further detail that controversy.

The findings of fact and conclusions of law have been made carefully and in detail from the voluminous record. It is our opinion that the trial court carefully weighed the evidence in this case, and that the judgment rendered therein is amply supported by the record.

Judgment affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN. BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and WELCH. J., absent.