## MYERS v. CARR et al.

No. 24474.   May 21, 1935.

Rehearing Denied July 16, 1935.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1935.

Wilson & Wilson, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendants in error.

PER CURIAM. This suit was brought by the plaintiff, John Carr, against defendants. C. H. Myers, William Moncrief, Emma A. Moncrief, John Peintner, John W. Showalter, D. H. Bane, E. M. Landof, and Geo. W. Athey, receiver. The plaintiff in his petition alleges that the defendant, C. H. Myers, and his wife, Christine L. Myers, executed their note for $28,860 to and in favor of L. F. Messman, obligating themselves to pay to the said Messman on August 1, 1930, said sum with interest at 7 per cent., and that to secure the payment of said note, said Myers and his wife executed and delivered their mortgage to said Messman on certain real estate, and it is further alleged that said note and mortgage were duly transferred to the plaintiff by assignment from the said L. F. Messman.

It is further alleged that after the execution of said mortgage, defendant Myers, who was then the owner of said real estate covered by said mortgage, executed a warranty deed to the defendants William Moncrief and Emma A. Moncrief, who, it was alleged, specifically assumed and agreed to pay said indebtedness as a part consideration for said real estate; that thereafter said William Moncrief and Emma A. Moncrief made, executed and delivered to the defendant John Peintner a warranty deed to said real estate by the terms of which it was specifically agreed that said John Peintner would pay to the plaintiff said note and mortgage, and that said Peintner took possession of said premises under and by virtue of said deed.

It is further alleged that after said Peintner obtained title to said property he entered into some character of a contract for the sale of said property to defendant John W. Showalter, the exact nature of which was unknown to plaintiff, and demanding that said Peintner and Showalter be required to set up any right, title or interest which either claim in and to said property, but that any claim that either of them had was subsequent and inferior to the rights of plaintiff under said mortgage.

It is further alleged that defendant Peintner filed an action in the district court of Garfield county against the defendants John W. Showalter, D. H. Bane, and E. M. Landof, growing out of a controversy between said Peintner and Showalter over the title of said property, and that therein defendant George Athey was appointed receiver of said property, with directions to collect the rents and profits, and to hold same subject to the order of the court.

The plaintiff further alleges that he does not known the exact nature of the claims of all of the defendants, but that if any such claims exist, whatever nature they are, the same are subsequent and inferior to the rights of plaintiff.

The plaintiff further alleges that there is due and owing to him on said mortgage and note $28,559.02 with 10 per cent. interest from and after August 20, 1931, and $1,000 as attorneys fees; and that plaintiff is en-

titled to a foreclosure of said real estate mortgage.

Wherefore, the plaintiff prayed judgment against defendants, C. H. Myers, William Moncrief, Emma A. Moncrief, and John Peintner for said sum and interest and attorneys fees and for a foreclosure of said mortgage and sale of said real estate; and that defendants and each of them be barred and foreclosed from all right, title and interest in said property and for such other and further relief as may seem equitable and just in the premises.

Other details are mentioned concerning the rentals and receivership and matters which are deemed immaterial so far as this case is concerned in this court.

The defendant Myers answered by general denial unverified, and the defendant John Peintner also filed his answer by a general denial, which was unverified. No other answers or pleadings were filed on behalf of the other defendants.

On the 28th day of January, 1932, the case was heard before the court, plaintiff being represented by his attorneys of record; defendant Myers being represented by his attorneys of record, and likewise defendant John Peintner being represented by his attorneys, and the other defendants, not being present either in person or by their attorneys, made default.

After hearing the evidence the court rendered judgment against defendants, C. H. Myers, William Moncrief, and Emma A. Moncrief, and John Peintner, for the sum of $28,599.02, with interest at 10 per cent. from August 20, 1931, and $1,000 as attorneys fees and costs, declaring the same to be a first and valid lien on the real estate covered by said mortgage, to wit, lots 15, 16, 17 and 18, and also a strip of land 12½ feet wide adjoining the south side of lot 18, all in Jonesville addition to the city of Enid, Garfield county, Okla., subject only to a first mortgage held by the Deming Investment Company; and that unless said judgment should be paid within six months an order of sale should issue for the sale of said real estate without appraisement, to satisfy said indebtedness, interest, cost, and attorneys fees; that from and after said sale said defendants and each of them be forever barred and foreclosed of any right, title or interest in said real estate and every part thereof, to all of which the defendant C. H. Myers excepted, and his exceptions were allowed by the court.

Thereafter, on July 11, 1932, the defendant John W. Showalter, in the above-entitled cause consolidated with cause No. 12796, entitled John Peintner v. John W. Showalter, pending in the same court, filed his motion to fix the compensation of receivers and for an equitable division of furniture located in said real estate pursuant to a judgment entered in said case of Peintner v. Showalter on the 14th day of April, 1932, to which the plaintiff, John Carr, filed his answer claiming certain portions of the property involved on the grounds that same was covered by the mortgage to the plaintiff, John Carr.

Following these proceedings, after six months had expired, an order of sale was issued to the sheriff of Garfield county, commanding him to levy upon and sell said real estate as provided by law, to satisfy plaintiff's judgment, attorneys fee and costs, and the sheriff's return thereon stated that said real estate was advertised and sold subject to a first mortgage in favor of the Deming Investment Company for $15,000 and the accrued interest thereon; and that plaintiff, John Carr, bid the sum of $20,000 subject to said mortgage, he being the highest and best bidder for said property.

On August 30, 1932, the defendant C. H. Myers, plaintiff in error, filed his motion on certain grounds stated to vacate or modify the judgment and to recall the order of sale, which will be referred to later on in this opinion. And on August 31, 1932, plaintiff filed his motion to confirm the sheriff's sale; that thereafter, on September 2, 1932, the defendant C. H. Myers filed his objections to the confirmation of sheriff's sale, and likewise on September 2, 1932, filed his motion for a new trial so called, and thereafter, on September 26, 1932, the plaintiff appeared by his attorneys and defendant Peintner appeared by his attorney, and defendant Myers appeared by his attorneys, and the plaintiff moved for confirmation of the sale of said real estate, to which the defendant Myers objected on the grounds set out in his objections to the confirmation and as set forth in the motion to vacate or modify judgment; and after a lengthy discussion between counsel and the court covering generally all matters included in the motion to vacate or modify, and as objections to confirmation of the sale and after evidence was introduced on the behalf of the defendant C. H. Myers, and on the behalf of the plaintiff, which was concluded on September 27, 1932, the court confirmed said sheriff's sale and ordered a deed, to which the defendant C. H. Myers duly excepted and gave notice of his intention to appeal.

Thereafter, on September 30, 1932, the defendant C. H. Myers filed another motion for a new trial, which involved the proposition as to whether the sheriff's sale should be set aside; the same was overruled and exceptions were allowed.

Thereafter this appeal was regularly filed by C. H. Myers, defendant, who is plaintiff in error here, no appeal being taken by any of the other defendants.

Without noticing further the issues in the trial court, reference will be made to the specifications of error in this court, and such reference will be made to the record as will be proper and adequate in the discussion of the errors complained of.

Plaintiff in error, C. H. Myers, hereinafter referred to as plaintiff, alleges as the grounds for reversal of this case: (1) That the sheriff's sale was void because no judgment was obtained against the owner of the property; (2) that the bidding at said sale was chilled and stifled; (3) that the price for which said real estate sold was grossly inadequate; (4) that plaintiff should have been permitted to show that he had been discharged and released from personal liability; (5) that disposition of this case should be made by reversing the confirmation, and vacating and setting aside the sheriff's sale 'and deed.

We will take up these several propositions in the order named. Now, as to the proposition that the sale of said real estate was void because no judgment was obtained against the owner of the land, counsel predicates this ground of error on a theory that is apparently not borne out by the evidence and the record. In support of their argument counsel refers to the case of Page v. Turk, 43 Okla. 667, 143 P. 1047. Counsel takes the position that the judgment was void because, as stated, it is claimed that no judgment was obtained against John W. Showalter, the owner of the property involved in the foreclosure.

In the first place it is noted that John W. Showalter was a party to the suit of John Peinter v. John W. Showalter, No. 12796, which was consolidated with the case now being heard, numbered 12941, and it is further noted that John W. Showalter appeared in said case as consolidated, represented by the same lawyers who now appear for him; that he filed motions and asked for affirmative release and took part in issues growing out of the receivership and otherwise appearing generally; that his counsel were likewise heard on discussion of the legal propositions involved, growing out of said receivership. This constitutes a general appearance, and even after judgment had the effect of curing any defect, if any, in the service of summons. Welch v. Ladd, 29 Okla. 93, 116 P. 573; Clarkson v. Washington, 38 Okla. 4, 131 P. 935; Jameson v. Harvel, 139 Okla. 39, 280 P. 1080.

Aside from this, or in addition thereto, the journal entry wherein judgment was rendered against the defendants on the merits of the case when it was first heard, in the last paragraph, it states:

"It is further considered, ordered, adjudged and decreed by the court that from and after said sale that said defendants and each of them be, and they are hereby barred and foreclosed of all right, title and interest in and to said property and every part thereof."

In reciting appearances of parties on the day judgment was rendered, the name of John W. Showalter was stricken out, but he was a party to the suit as heretofore shown, and the journal entry itself is specific in naming defendants, which would include John W. Showalter, the same as the others. However, there is absolutely no proof in the record to show that service of process was not made on Showalter or any other defendant, for that matter, but said court being a court of general jurisdiction, the presumption is that proper service was made. This rule is too well established to permit argument to the contrary.

In the case of Manuel v. Kidd, 126 Okla. 71, 258 P. 732, in a part of the first syllabus, it was said:

"Unless the record affirmatively shows want of jurisdiction and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did."

John W. Showalter having participated in the proceedings in the court and having been regularly made a party, under the well-known presumption that service was had, he is bound by the judgment of the court and all proceedings following.

The case relied upon by counsel for plaintiff in error, Page v. Turk, supra, simply holds that as no judgment was taken against defendant Page, who owned the land, the sale under the mortgage and its confirmation did not convey title. The case is in no way helpful in disposing of the matter discussed.

Matters determined on trial of the main issues will not be considered on a motion to confirm sheriff's sale. Griggs v. Brandon, 132 Okla. 180, 269 P. 1052.

In their objections to confirmation, counsel formulates seven distinct grounds, but neither contention is based on the theory that the sale of the property was chilled and stifled by the proceedings. The assignment itself is very brief and indefinite in pointing out or in apprising the court of just what is contended for. No fraud is charged, no undue influenced is alleged, but the general complaint hinges upon the alleged invalidity of the sale, and there is very little suggested that is pertinent to the issues discussed under the assignment.

Counsel in their brief, at page 27, makes the statement:

"The purchaser is charged with everything appearing in 'the foreclosure proceedings, and if he inspected them his attention would be immediately challenged to the serious fact that John W. Showalter was not barred from the decree, and this apparent alteration would further tend to make him hesitate to bid."

As pointed out heretofore in this opinion, Showalter was a party to the record, and if a purchaser took notice of the proceedings as counsel admit, he would not be deceived or misled. In one objection to the confirmation, however, counsel states that "the amount bid was grossly inadequate in proportion to the actual value of said property." Most of the grounds set forth in counsel's objection as to why the sale was chilled and stifled are predicated upon conduct in itself fraudulent or unfair, and make this as a basis for the argument that the property did not bring a fair consideration. The proposition itself would imply something more than mere irregularity in a sale. Counsel do not argue or contend that a better sale could have been made or that any better price could have been obtained. They urge, however, that the sale was grossly inadequate and in support of that proposition refer to the fact that the property was insured for $60,000, but do not urge that this is a fair value for the property, and the evidence at most would be very meager proof. It is certainly insufficient as proof to support a ground of fraud or unfair bidding that would justify setting aside a sale before the court who passed upon the confirmation.

Now, as appears from the record, John Carr, the plaintiff, bought the property at $20,000, subject to a prior mortgage to the Deming Investment Company of $15,000. Unless there was something to impeach this sale showing fraud or undue influence, or something, in other words, that stifled the bidding, we do not believe that the purchase price is so inadequate as to warrant the court in setting the sale aside.

Stress is also laid upon the fact that the judgment was void. The proposition is very briefly stated and not very enlightening. We apprehend that it alludes to the fact heretofore discussed, that Showalter was not in court by summons, but incidentally counsel mention the fact that personal judgment was rendered against William Moncrief and Emma A. Moncrief, and that the judgment was void as to them also. The decision heretofore quoted (Manuel v. Kidd) is sufficient answer to that contention. The judgment of the trial court speaks for itself and is binding on all parties, and the one who seeks to impeach it would have the burden of showing that the defendants were not served with process or were not otherwise in court. No such showing is made. The purchaser had a perfect right to rely on the validity of the judgment and on the fact that all defendants were bound thereby and would be precluded from raising any question as to its validity. The courts have passed on the proposition so frequently that it does not warrant further consideration.

Furthermore, it is the settled law that the correctness of a foreclosure decree cannot be considered on an appeal from an order of confirmation. Jones on Mortgages (8th Ed.) sec. 2103, vol. 3, p. 591. In another paragraph the same author uses this language:

"It rests wholly in the discretion of the court whether the sale shall be confirmed or set aside, and this power will be exercised prudently and fairly in the interest of all concerned according to the circumstances of each particular case." Id..sec. 2105, note 37.

In other words, unless the discretion of the court is abused, the sale must stand. As pointed out, the court took great pains to hear the parties and to sift out their various contentions, and it is not even suggested by counsel that the court abused its discretion in overruling objections to the sale.

As stated heretofore, no showing was made that a better price could have been obtained, and it is a general rule of law that, unless it be shown that on a sheriff's sale of property when objections to confirmation are made that the property could

have been sold ·at a larger price, such objections will be overruled. Jones on Mortgages, sec. 2108, where the rule is thoroughly established.

It was not urged in the trial court that the bidding was chilled and stifled as contended here, and even though this were open for discussion, it could not now be raised for the first time. Midland Valley Railroad Co. v. Charter, 115 Okla. 51, 241 P. 749; Walter A. Wood, etc., v. Farnham, 1 Okla. 375, 33 P. 867.

Under this same heading it is complained that the property was sold differently from the way it was advertised. Counsel cite authorities to the effect that in such sales pertinent details must be set forth in the advertisement so that persons interested should be advised of the terms of the sale. We have examined the order of sale and the sheriff's return, together with notice of sale, and believe the same was sufficient, and that no injury resulted to any of the parties to the litigation from the failure to mention the fact that the property was to be sold subject to a prior mortgage in favor of the Deming Investment Company. Our statute in very general language requires such sales to be made, "and public notice of the time and place of sale be given for at least thirty (30) days before the day of sale by advertisement in some newspaper printed in the county," but giving no further reference as to just what the notice shall embody. Section 708, O. O. S. 1921, as amended by Laws 1927, c. 117, O. S. 1931, sec. 455.

The court placed a very liberal construction on the statute in one case wherein it held that the names of the parties to the litigation were unnecessary in such notice. McLain Land & Inv. Co. v. Kelly, 11 Okla. 26, 66 P. 282. The statute itself makes no mention of prior liens or whether the land is to be appraised, but leaves it to the interested public to examine the proceedings in all such cases, which doubtless would be done in every instance.

The Michigan Supreme Court considered this identical question wherein an objection was made "that the said foreclosure notice did not disclose the fact of the prior incumbrances, nor did it state that the sale would be made subject thereto." The court, however, in passing on the question, overruled the objection, and in doing so used this language:

"Should the notice of foreclosure have alleged the existence of the prior mortgages? We know of no such requirement or practice. It is urged that the notice should have advertised the sale of an equity of redemption. But plaintiff did not have a mere equity of redemption in this land because the prior mortgages had not been foreclosed. She was still the owner of the legal title." Flax v. Mutual Building & Loan Association (Mich.) 165 N. W. 835.

This, we think, disposes of all points raised that merit consideration. Slight errors are not sufficient to invalidate a sale. Miller v. Farmers National Bank, 94 Okla. 101, 221 P. 71; Meisinger v. Employees, etc., 147 Okla. 23, 293 P. 1082.

What we have said with regard to the question whether or not the bidding was chilled and stifled, very largely covers the next question, that is to say, "Was the price grossly inadequate?"

Now, as heretofore shown, there is no proof indicating the value of the property sold other than as would be inferred from the fact that the buildings were insured for $60,000. This is very unsatisfactory evidence, if, indeed, it could be considered evidence at all. There is no charge that the sale was fraudulent or that a better price could have been obtained. Therefore, in the absence of proof, no one could honestly state that the property did not bring what it was worth. In a decree where no appraisement is required, the law does not determine as to what price property under foreclosure must bring, but that it sell for the highest price obtainable where no fraud is shown. Our court has passed on this question and used this language:

"There is no provision of law invalidating the sale for lack of sufficient consideration, except where appraisement is required." Miller v. Farmers Nat. Bank, 94 Okla. 101, 221 P. 71.

To the same effect: Wheeler & Motter Mercantile Co. v. Miller, 73 Okla. 117, 175 P. 224; Lawton Mill & Elev. Co. v. Farmers & Merchants Bank, 109 Okla. 291, 234 P. 705.

Under this assignment counsel for plaintiff in error do not support their arguments with any decisions from Oklahoma, but merely take the position that the sale was void, because, as they believe, the price for which the property sold was grossly inadequate and that their objections should have been sustained for that reason. They have subdivided their contentions under this last assignment in eleven paragraphs, but have argued neither, nor have they referred to a single decision of the state of Oklahoma, with one exception; that in subdivision No. 4 they complain that the order of sale was issued upon a praecipe for general execution.

In support of that proposition they cite Riddle v. Gamble, 99 Okla. 161, 226 P. 106; Zweigart v. Straham, 73 Okla. 144, 175 P. 213.

Those decisions are merely to the effect that under foreclosure sale the law requires that a special execution shall be issued. However, the contentions are without force and are hardly worth noticing, because in such cases the sale is ordered by the court and no praecipe is required. The findings of the trial court as to the value of the property, in so far as it was necessary to guide him in passing upon the validity of the sale, are conclusive; that is to say, in such cases the court's findings have the same weight as in cases tried to a jury, and therefore this court will not review the judgment confirming the sale on disputed evidence. Redd v. Warehime, 166 Okla. 128, 26 P. (2d) 142; Greenwalt v. Labenne, 167 Okla. 508, 30 P. (2d) 873; Hawkins v. Howard, 167 Okla. 480, 30 P. (2d) 696; Phelan v. Stockyards Bank, 168 Okla. 232, 32 P. (2d) 270.

Under the next point it is contended that plaintiff in error should have been permitted to show that he was discharged and released from personal liability. Counsel argue that in equity and good conscience their client should have been permitted to make that proof as against an order to confirm the sale. The contention is entirely without merit. The defendant, plaintiff in error here, had his day in court when the case was tried. He did not disclose in his answer, nor in any way in the trial, that an agreement had been made to release him of personal liability, and it would be a singular proceeding that would permit him to make that objection as against confirmation. Were it possible for persons litigating to raise questions of that kind as against motions to confirm sales, there would be no end to litigation and nothing would be settled by the solemn judgment of the court.

In numerous cases our court has denounced such a practice, and we will refer to a few decisions where the question is passed upon. In one case objection was made to confirmation of a sale under foreclosure in which the court refused to hear evidence to prove the plaintiff was an innocent purchaser of the note. Without quoting the record, it is sufficient to say that the court held that it would have been proper and permissible to have made such defense at the time judgment was taken on the note, but that no such proof would be competent to set aside a judgment previously rendered and could not be considered on an objection to the confirmation of the sale. Merritt v. Park National Bank, 77 Okla. 148, 187 P. 232. Our court has unqualifiedly determined the question against the contentions of the plaintiff in error in so far as pertains to the right to review of any of the proceedings, with the single exception which involves the regularity of proceedings incident to the sheriff's sale. Smith v. Curry, 155 Okla. 235, 9 P. (2d) 19, and Folsom v. Mid-Continent Life Insurance Co., 94 Okla. 181, 221 P. 486.

Lastly, it is contended under assignment No. 5 that this is an equitable case, and that the court should reverse the order of confirmation and vacate and set aside the sheriff's sale.

The court does not feel warranted in further discussing the issues in the case, as it is believed that in considering the other questions that have been discussed, we have fully answered the contentions of counsel on the last proposition.

The judgment of the lower court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys D. H. Wilson, A. G. Croninger, and Dick Rice in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Croninger and Mr. Rice, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.