## HALL et al. v. LOCAL BLDG. & LOAN ASS'N.

No. 16049—Opinion Filed Jan. 26, 1926.

Rehearing Denied April 13, 1926.

**1. Judgment — Correction of Journal Entry not New Judgment.**

A change of the form of journal entry by the court to conform to a judgment reached by the court, on a former date, in the trial of a cause, is not the rendition of a new judgment in the cause.

**2. Mortgages — Foreclosure — Judgment Sustained.**

Record examined; held, to be sufficient to support the judgment of the court confirming the sale of real estate in the mortgage foreclosure proceedings.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by the Local Building & Loan Association against Bess B. Hall and E. G. Hall. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. P. Harper, for plaintiffs in error.

Everest, Vaught & Brewer, for defendant in error.

Opinion by STEPHENSON, C. The Local Building & Loan Association commenced its action against Bess B. Hall and E. G. Hall to foreclose a real estate mortgage on property owned by the defendants. The trial of the cause resulted in a judgment for foreclosure on November 6, 1923. Both parties filed motion for new trial, which were overruled by the court. The defendants filed a motion at a later date to vacate the judgment upon the ground that the journal entry purported to allow recovery for the sum of $4,165.32, whereas the judgment and findings of the court were in fact for $4,068.19; that the journal entry purported to allow a judgment and show a judgment in foreclosure in a sum in excess of the judgment and findings of the court as reached in the trial, in the sum of $97.15.

Thereafter the plaintiff appeared in court and confessed the error in the journal entry, and prayed the court to modify the journal entry so as to speak the truth. The court corrected the journal entry to show the deduction of $97.15 on May 7, 1924. Thereafter the plaintiff caused a special order of sale

to be issued out of the cause against the property on May 15, 1924. The sale of the property was had upon the order of sale and the sale confirmed on July 28, 1924. The defendants have appealed from the order confirming the sale and seek a reversal of the order of confirmation upon the alleged ground that the correction of the journal entry to conform to the real judgment of the court amounted to a new judgment. The property was ordered sold without appraisement in the judgment. The defendants submit the proposition that they were entitled to a stay of the order of sale for a period of six months, from May 7, 1924. This right is founded upon the contention that the correction of the journal entry to conform to the judgment of November 6, 1924, amounted to a new judgment. The question presented by the plaintiffs in error has been disposed of heretofore by this court contrary to the contention made by the appellants, in the case of Marker v. Gillam, 80 Okla. 259. 196 Pac. 126.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 229 § 450. (2) 27 Cyc. p. 1707.