## BROWN et al. v. KEMMERER.

No. 18943.   Opinion Filed Feb. 12, 1929.

Withdrawn, Corrected, Refiled, and Rehearing Denied Nov. 26, 1929.

Leahy & Brewster, for plaintiffs in error.

R. A. Wilkerson, for defendant in error.

FOSTER, C.   This is an action brought by Barbara Kemmerer against George W. Conn and Etta Conn, makers of a promissory note and a real estate mortgage, to recover a money judgment and foreclosure of said mortgage. Davis Brown, Betty Brown and Clay Brown were made parties to the action because they had become purchasers of the property after the mortgage was given and recorded. George W. Conn was deceased and his executor was made a party. Etta Conn filed an answer and cross-petition against the defendant Davis Brown; however, it is not involved in this appeal. Hereinafter, Barbara Kemmerer will be referred to as plaintiff, and Davis Brown, Betty Brown, and Clay Brown as defendants.

On January 14, 1925, a judgment was entered against Etta Conn for the full amount sued for, and also a judgment by default against defendants, decreeing that the mortgage of Barbara Kemmerer was superior to any interest of the defendants. The judgment also provided for the foreclosure of the property on which the mortgage was given, and a sale thereof as provided by law. The form of this judgment, or the provisions thereof, are nowhere attacked.

On August 1, 1925, on motion of the defendants Davis Brown, Betty Brown, and Clay Brown, the judgment of January 14, 1925, was set aside only in so far as the same affected the equities of last-named defendants, because of improper summons served upon them. A new summons was immediately issued, and they were properly served, and another default judgment was taken against these defendants on September 29, 1925, the adjudging part of which is as follows:

"It is therefore considered, ordered, adjudged, and decreed by the court, that the plaintiff be and she is hereby declared to be the holder of a lien upon said property, and that said lien is prior and superior to any lien or claim of any and all of the defendants in said action.

"It is further ordered by the court that said mortgage be foreclosed, and that the property involved in this action be sold as provided for by the judgment of this court entered on the 14th day of January, 1925."

In August, 1926, a special execution was

issued for a sale of the mortgaged property, and in September, the defendants filed a motion to quash said execution, which was by the court overruled, and the defendants gave notice of appeal and filed a supersedeas bond, but no appeal was ever taken.

On March 27, 1927, another special execution was issued and delivered to the sheriff and the property advertised for sale on May 2, 1927. A few days prior to the date of the sale, the defendants filed a motion to quash said execution, but apparently the sheriff was not given notice thereof, and the property was sold pursuant to the execution, and thereafterwards the defendants filed objections to the confirmation of the sale. Both the motion to quash and the objections were heard by the court on the 25th day of May, 1927, and overruled, and it is from this order that the defendants perfect this appeal.

The motion to quash and the objections to the confirmation alleged several grounds, but the substance of the same is to the effect: First, that there is no judgment rendered sufficient to authorize proceedings for the sale of said mortgaged property; and second, that the proceedings had for the sale of the mortgaged property are not in conformity with any valid judgment authorizing the same.

The above propositions are argued in the brief of the defendants and present, in fact, only one proposition, namely, Is the judgment in this case sufficient to support the order of sale and the sale held pursuant thereto?

The praecipe for execution, as well as the special execution itself, refers to both the judgment taken January 14, 1925, and the judgment taken September 29, 1925; but the notice of sale issued by the sheriff only refers to the judgment of September 29th.

The defendants rely upon section 670, C. O. S. 1921, which provides, in substance, that, in the foreclosure of mortgages, deeds of trusts or other liens, a personal judgment shall be rendered for the amount or amounts due, and a judgment for the sale of the property and an application of the proceeds, or such application may be reserved for further order of the court.

Miller v. Thompson, 119 Okla. 171, 249 Pac. 308, cites the above section, and holds in the body of the opinion that said section authorizes the trial court to render a judgment in rem, and also a personal judgment.

The question in that case, however, was whether or not a summons served upon the defendants in a different county than where the property was located, and where the action was pending, was sufficient to authorize a personal judgment against said defendants; the court holding that a personal judgment could and should be rendered under such circumstances. The point involved in this case was not in any way determined.

Defendants also rely upon section 704, C. O. S. 1921, which provides that where a mortgage contains the words "appraisement waived," or any other phrase having the same meaning, the property may be sold without an appraisement only after a period of six months had expired from the date of the judgment, and that the judgment shall so order. However, the execution was not issued in this case until after the six months had expired from the judgment of September 29, 1925. But it is contended that the judgment of September 29th is not in conformity with section 704, supra, and, since an execution for the foreclosure of a mortgage is a special execution (Price v. Citizens State Bank, 23 Okla. 723, 102 Pac. 800; Richmond v. Robertson, 50 Okla. 635, 151 Pac. 203; Martin v. Hostetter, 59 Okla. 246, 158 Pac. 1174; Johnson v. Taylor, 68 Okla. 229, 173 Pac. 1039), the execution in this case must follow the judgment rendered; and, since the judgment of September 29th did not set out the manner in which the sale should be conducted, the execution is void.

Defendants also rely upon the case of Riddle v. Gamble, 99 Okla. 161, 226 Pac. 106, in which it is held that after a decree of foreclosure has been entered to foreclose a mortgage or other lien, an execution for the sale of the property is special and must conform to the order of the court. In that case, however, a general execution was issued upon the judgment for the foreclosure of 40 acres of land, and the sheriff levied upon 160 acres, including the 40 acres, and appraised the whole tract together and proceeded to sell the same; the court holding that such execution was void, basing its decision upon the sole proposition that a general execution in such a case and the proceedings under the execution were in direct violation of the judgment of the court and were unauthorized under the statutes of the state. Even that case does not go to the extent of holding that, if the execution were in conformity with the statutes of the state, it would be void even though it did not follow the judgment. Nor is it decided that in case the judgment gives no directions, if the sheriff proceeds in accordance with the statute, such proceedings would be void.

Under our view of the case, however, we

do not deem it necessary to decide the question above stated. In this case there was a judgment taken on January 14, 1925, which is not objected to nor attacked as to the amount due or the order for the sale of the property. It decreed a judgment against Etta Conn personally for the amount, and directed the sale of the property in accordance with the statutes of Oklahoma, and directed the application of the funds. It also determined that the plaintiff had a prior lien to the claim of the defendants. That part of the judgment which determined the priority of the claims was set aside and afterwards a new judgment taken by default against the defendants determining the priority in the same manner as the original judgment. This latter judgment was taken on September 29, 1925, and directed that the sale should be had in accordance with the judgment of January 14, 1925. That part of the judgment of January 14th, which is referred to in the judgment of September 29th, was not attacked in any way by the defendants when they filed their motion to quash service of summons.

Under this state of the record, we believe the court had authority to refer to the original judgment as to the manner of conducting the sale and application of the proceeds, and that the first judgment to that extent became a part of the second, and that the reference in the notice of the sheriff's sale to the judgment of September 29th, by implication, also referred to that part of the judgment of January 14th, which was in no way attacked, and which was by the court made a part of its judgment of September 29th.

The judgment of the trial court in confirming the sheriff's sale is therefore affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.