**MARSHALL et al. v. THOMAS, Ex'x.**

No. 19724. Opinion Filed Dec. 16, 1930.

Rehearing Denied May 5, 1931.

A. L. Emery, for plaintiffs in error.

E. W. Smith, and Hughes & Ellinghausen, for defendant in error.

ANDREWS, J. J. W. Thomas held a note given by Kate D. Campbell which was secured by a real estate mortgage on property located in Henryetta, Okla. Kate D. Campbell sold the property to T. J. Marshall. The indebtedness was not paid. E. M. Thomas, as executrix of the estate of J. W. Thomas, deceased, filed a suit in the superior court of Okmulgee county against Kate D. Campbell and T. J. Marshall, asking for a personal judgment against Kate D. Campbell and for foreclosure of the real estate mortgage against both defendants. Personal service was had on Kate D. Campbell and default judgment was rendered against her on the 16th day of December, 1926, for the amount due on the note and for foreclosure of the real estate mortgage.

On December 28, 1926, Kate D. Campbell was adjudicated a bankrupt in the Eastern District of Oklahoma. The mortgaged property was not scheduled as an asset. The indebtedness aforesaid was scheduled as a liability.

Service was had upon T. J. Marshall by publication. He thereafter entered a general appearance in the cause, and thereafter, on April 8, 1927, a default judgment was rendered against him for foreclosure of the real estate mortgage.

The judgment not having been satisfied and the period for redemption having expired, the plaintiff filed a praecipe for order of sale. An order of sale was issued, notice of sale was published five consecutive weeks in the Henryetta News, return of the sale with proof of publication attached was made, motion to confirm the sale was filed, and, on the 26th day of November, 1927, the sale was confirmed. No objection was made by either of the defendants to any of the proceedings until a writ of assistance was issued on the 15th day of December, 1927, directed to the sheriff to put E. M. Thomas, the purchaser, in possession.

On January 4, 1928, defendant T. J. Marshall filed in the foreclosure proceeding an instrument denominated "petition for orders," which prayed for the following orders:

"1st. An order recalling the writ of assistance issued in this action and now in the hands of the sheriff of Okmulgee county, Okla.

"2nd. An order vacating and setting aside the order of this court in this action approving and confirming a sheriff's sale of the property involved in this action.

"3rd. Such other orders as are just, right, and equitable."

Upon that application, without a hearing, the writ of assistance was recalled, and after a full and complete hearing the petition was in all things denied. Within three days thereafter the said T. J. Marshall filed a motion for a new trial and change of judge, and after a hearing thereon that motion was denied. The appeal was lodged in this court within six months after the denial of the motion for new trial, but more than six months had expired after the denial of the "petition for orders."

While the motion for new trial was pending, the said T. J. Marshall filed a motion to set aside the sale for the reason that

the notice of sale was not published in a newspaper "for the time and in the manner required by law." After full and complete hearing thereon, that motion was denied. Five days thereafter a motion for new trial was filed as to that order, which motion was overruled. An appeal was lodged in this court within six months after the denial of the order denying the motion to vacate the sale.

The first question that presents itself to the court is that with regard to the appeal from the order denying the "petition for orders." Since the appeal was filed in this court more than six months after the denial thereof, the appeal is too late unless the governing procedure authorizes the filing of a motion for new trial.

The defendants, who are plaintiffs in error and who will be hereinafter referred to as defendants, contend that the "petition for orders" was a petition duly filed under the procedure provided by sections 810 to 818, C. O. S. 1921, and that a motion for new trial is not only authorized, but is required. We find, as a part of that procedure, section 814, supra, which section provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment was rendered. Section 812, supra, provides that the proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions 4, 5, 6, 7, 8, and 9 of section 810, supra, shall be by verified petition setting forth the defense to the action. Section 811, supra, provides for the procedure by motion. It is elementary that no motion for a new trial is necessary as to a motion. If the "petition for orders" was a petition, the allegations thereof and the contentions therein made are confined, by section 812, supra, to the grounds mentioned in subdivisions 4, 5, 6, 7, 8, and 9 of section 810, supra. Subdivision 4 relates to fraud practiced by the successful party in obtaining the judgment or order. Subdivision 5 relates to erroneous proceedings against an infant. Subdivision 6 relates to the death of one of the parties. Subdivision 7 thereof relates to unavoidable casualty or misfortune. Subdivision 8 thereof relates to judgments against infants, and subdivision 9 thereof relates to judgments upon warrants of attorney. Only one subdivision is at all applicable to the facts in the case at bar, and that is subdivision 4, relating to fraud practiced by the successful party.

When we examine the "petition for orders" we find that it attacks two orders, one granting a writ of assistance and one confirming a sheriff's sale of real estate. The writ of assistance was recalled by the trial court and no further attention need be given to that portion of the "petition for orders." The only defense attempted to be shown is a tender of the amount necessary to pay the judgment rendered in the action "* * * just as soon as the property is free from the claims of counsel for the plaintiff in this action in the bankruptcy court and in the said federal court." That is no tender at all. This plaintiff had a valid judgment which is not attacked by the defendants in their pleadings, and he was in no wise liable to wait for a sale of the property covered by his mortgage and foreclosed by his judgment until such time as the defendants could ascertain whether or not the property belonged to them or to the creditors of Kate D. Campbell. Had the defendants made an unqualified tender of the amount due on this judgment, they would be in a better position, but, since they have never made a tender, but have merely offered to pay the judgment if and when they get good title to the property free and clear of the claims of the bankruptcy court, they have failed to show any defense. A foreclosure sale may not be vacated on a petition alleging a tender of the amount due on the judgment "just as soon as the property is free from the claims of counsel for the plaintiff in this case in the bankruptcy court and in the said federal court." The statute provides that the petition must set forth the defense to the action. The "petition for orders" asks that the order approving and confirming the sheriff's sale be vacated and set aside. If that order was vacated and set aside, the plaintiff would be entitled to a new sale. The only defense to that new sale would be payment of the judgment. The defendants have not offered to pay the judgment except as above stated. That offer is insufficient and the petition is wholly deficient in the allegation of any defense.

As we have heretofore stated, the only ground alleged in the "petition for orders" that may be considered is fraud practiced by the successful party in obtaining the judgment or order. That allegation in the "petition for orders" is as follows:

"Petitioner further alleges that, if it were not for the proceedings commenced by the attorney for the plaintiff in this action in the United States District Court, the petitioner would have redeemed the property from the judgment rendered in this action prior to the six months equity of redemption as provided by law; and, in connection herewith, petitioner tenders and offers to pay

the judgment rendered in this action in full just as soon as the property is free from the claims of counsel for the plaintiff in this action in the bankruptcy court and in the said federal court.

"Petitioner further alleges that upon the filing of the objections to the discharge by counsel for the plaintiff in the bankruptcy court, further proceedings in this cause were stayed; and, therefore, the order of sale was issued in this action prior to the expiration of the six months allowed by law in which to redeem this property from judgment.

"Petitioner further alleges that all of the proceedings had in this cause after the adjudication of the defendant, Kate D. Campbell, a bankrupt, were irregular and ought to be vacated and set aside.

"Petitioner alleged that the proceedings in this cause, after the filing of the objections to the discharge of the defendant, Kate D. Campbell, in bankruptcy was a fraud, and that the order of sale, the order of confirmation, and the writ of assistance were all obtained by fraud by counsel for the plaintiff in this action."

That is not an allegation of fraud.

The testimony offered in support of this "petition for orders" was wholly insufficient to show any fraud. It showed no ground to vacate or modify the order confirming the sale and no defense to the right of the plaintiff to a sale of the property in satisfaction of his judgment.

The motion to vacate the sale because of failure to publish the notice of sale "in a newspaper for the time and in the manner required by law" was not supported by evidence that would justify the vacation of the sale. The notice described the property as "lots 13 and 14 in block 34, in the original town site of the city of Henryetta, Okmulgee county, Okla." The defendants contend that this description was insufficient for the reason that,

"Unless the reader of the notice was familiar with the lots and blocks in the city of Henryetta and knew that the Campbell Hotel was situated on these lots, the reader would conclude that the sheriff was offering for sale some vacant lots. Who would want to purchase any vacant lots in Henryetta? No person would be interested in purchasing any vacant lots. If the notice had indicated that the property, known as the Campbell Hotel, was being offered for sale by the sheriff, then a reader would be interested because of the building situated on said lots."

We cannot agree with that reasoning. No authority is cited that supports it. The Texas case cited in 34 S. W. 348, is in nowise in point. We know of no decision holding that a notice of sale of real estate on execution must describe the improvements on the property. We know of no decision holding that the legal description of the real estate upon which the levy is made is not sufficient description in a notice of sale of real estate on execution.

The defendants contend that the newspaper in which the notice was published was not a legal newspaper. The trial court heard the evidence offered on that contention. An examination of it discloses nothing to indicate that the newspaper was not a legal newspaper under the statutes of Oklahoma (section 3569, C. O. S. 1921, as amended by chapter 55, S. L. 1925).

Defendants contend that the trial judge was prejudiced and therefore disqualified to hear and determine this cause. No allegation of prejudice was made until after the trial court had denied the "petition for orders," and that allegation appeared in the motion for new trial on the order denying the "petition for orders."

Since we have already determined that the "petition for orders" sets forth no statutory ground for the relief prayed, it is immaterial whether or not the trial court was prejudiced. The evidence does not show any prejudice on the part of the trial court. We cannot agree with the conclusion reached by the defendants.

Defendants contend that, this being a suit in equity to foreclose a mortgage, the equitable maxim, "He who seeks equity must do equity," should be enforced in the cause. It is not necessary for this court to determine whether a petition to vacate an order confirming a sale of real estate is legal or equitable. Since the plaintiff is not seeking equity, plaintiff is not required to do equity, and the equitable maxim quoted has no application. Plaintiff had a judgment for foreclosure of his mortgage and now has a deed to the property executed after a valid confirmation of the sale. It is the defendants that are seeking relief, and they cannot by seeking relief impose upon plaintiff equitable duties.

The defendants contend that the sale of property was for a grossly inadequate amount. The evidence fails to sustain that contention. There were a number of witnesses on the witness stand in the hearings and at no time was any witness ever asked as to the value of this property. The defendants, however, assume that the property was worth $25,000, and they base their assumption on a statement of an officer of the bank made in the bankruptcy matter in the

bankruptcy court, on an objection to the discharge in bankruptcy of Kate D. Campbell. That statement has no evidential value in this case and was admitted in evidence only because it was a part of an instrument for the purpose of showing the filing of the instrument in the bankruptcy court and not for the purpose of showing the value of the property.

Defendants contend that from the time of the filing in the federal court by E. W. Smith of his objection to the discharge of Kate D. Campbell as a bankrupt, the proceedings in the state court were stayed for want of jurisdiction to proceed. The evidence shows that the objections to the discharge in bankruptcy were filed by the Henryetta State Bank, a judgment creditor of Kate D. Campbell, in an attempt by that bank to reach the equity of redemption, if any, in the property. Plaintiff in this case is not bound by the action of the Henryetta State Bank, and the defendant T. J. Marshall, the owner of the equity of redemption, was not bound by that proceeding. His title could not be taken away from him without process being served upon him, and no process was ever served upon him in the bankruptcy proceeding. The property was not scheduled by Kate D. Campbell. Our attention is called to no case and we know of none holding that a state court is without authority to proceed with the sale of property under foreclosure because a creditor of a former owner of the real estate contends in bankruptcy proceedings against him that the transfer from the former owner to the defendant in the foreclosure proceedings was fraudulent. We do not consider it necessary to review the authorities cited on this contention, and it is sufficient to state that none of them support the contention of the defendants.

The judgment of the trial court is affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. HUNT, J., absent.