## VAN ANTWERP et al. v. GARNETT.

No. 24775.   Oct. 8, 1935.

Fred D. Leonard and H. F. Fulling, for plaintiffs in error.

Massingale, Duff & Manatt, for defendant in error.

PER CURIAM. This was an action brought by Hulda Garnett, as plaintiff, against the defendants, L. N. Van Antwerp

and Louise Van Antwerp, makers of promissory notes and a real estate mortgage, to recover money judgment and to foreclose said mortgage. Judgment creditors, C. A. Talcott and Standard Roofing & Material Company, were made parties to the action. The parties will be referred to as in the court below.

Judgment was entered in favor of the plaintiff on April 21, 1932, for the full amount sued for and for foreclosure of her mortgage as a first lien on the real property therein described. This mortgage waived the appraisement of the property. The judgments of the cross-petitioners, Talcott and the Standard Roofing & Material Company, were declared junior liens on the property and ordered satisfied after the plaintiff's judgment was paid. The Van Antwerps filed their motion on April 28, 1932, to modify the judgment in favor of said cross-petitioners on the ground that the property involved was the homestead of said defendants and said judgments were not liens thereon. The cross-petitioners confessed this motion and the court rendered judgment on May 28, 1932, modifying the judgment of April 21, 1932, by decreeing that the cross-petitioners were without liens upon said homestead property. This modified decree made no other change in the original judgment and in no way affected the judgment and lien of the plaintiff.

On October 25, 1932, more than six months after the decree of foreclosure was entered, the plaintiff issued an order of sale, sold the property, purchased same at sheriff's sale for $2,000, and the sale was confirmed on November 28, 1932. No objection was made to the confirmation of sale. On December 2, 1932, the Van Antwerps filed their motion to vacate the confirmation of sale and to set aside the sheriff's deed. The court overruled this motion, and defendants have appealed from the order overruling the same.

It is the contention of the defendants that the sale is void because prematurely held; that the six months' redemption period provided by statute, sec. 704, C. O. S. 1921, commenced at the date of the modified decree on May 28th instead of April 21st, the date of the foreclosure decree. In support of this contention the defendants cite in their brief and rely on the following cases: Brown et al. v. Kemmerer, 140 Okla. 140, 282 P. 297; Hancock v. Youree et al., 25 Okla. 460, 106 P. 841, and Tolbert et al. v. State Bank of Paden, 30 Okla. 403, 121 P. 212.

In the Brown Case a foreclosure decree without appraisement was entered and later set aside on motion of the owners of the land for the reason that summons had not been served upon them. Thereafter alias summons was served and a final judgment rendered. A sale was not made until more than six months after final judgment. It is elementary that a valid decree of foreclosure cannot be had without the owners of the property before the court. After the judgment was set aside it was then necessary to secure final decree against the owners and redemption period began from the date of the final decree.

In the Hancock Case the record discloses that the property was sold without appraisement within six months from the date of judgment, and for that reason the sale was held void. In the Tolbert Case, where appraisement was waived, it was held that a sale with appraisement does not render valid a sale of the property before expiration of six months from the date of judgment. We have carefully examined all the authorities cited by defendants and fail to find therein support for their contention.

In support of the sale and confirmation the plaintiff calls attention to the case of Hall et al. v. Local Building & Loan Association, 117 Okla. 174, 245 P. 548. Judgment of foreclosure without appraisement was entered on November 5, 1923, and the court corrected the decree on May 7, 1924, by reducing the amount of the judgment in the sum of $97.15. Thereafter the property was sold without appraisement and sale confirmed within six months from May 7, 1924. Reversal of the order of confirmation was sought on the ground that the correction of the journal entry of November 5, 1923, to conform to the real judgment of the court amounted to a new judgment, and that plaintiff should have waited six months from May 7th before selling the property. This court held that the change of the form of the journal entry to conform to a judgment reached by the court, on a former date, is not the rendition of a new judgment in the cause, and refused to reverse the order of confirmation.

The next case cited by plaintiff is Jones et al. v. Illinois Valley Trust Co. et al., 135 Okla. 85, 274 P. 36. This was a mortgage foreclosure providing for sale without appraisement. It was there contended that the court erred in entering its order confirming the sale of the real estate involved, for the reason that the sale was had less

than six months after the motion for new trial had been overruled. This court rejected that contention. Syllabus paragraph 3 in that case reads as follows:

"Where there is a waiver of appraisement contained in a real estate mortgage, and a judgment of foreclosure thereof is entered decreeing the sale of said property, and a motion for new trial is filed and thereafter overruled, an order of sale may then issue out of the court six months from the date of the judgment, for the reason that the effect of the overruling of the motion for new trial relates back to the force and purposes of the judgment originally entered." See Miller v. Farmers' National Bank, 94 Okla. 101, 221 P. 71; Shoals v. Freeland, 91 Okla. 238, 217 P. 176.

In that case we sustained the sale and at the same time ordered that the personal judgment rendered against the mortgagors on publication service be vacated and set aside. We quote the following from said opinion:

"The action of the trial court is sustained in all things save and except the personal judgment that was rendered against Ole C. Cooper and Bettie W. Cooper, and as to this part of the judgment it is ordered that the same be vacated, set aside and held for naught, and the court is also directed to set aside its judgment relating to the service by publication on M. S. Grant & Company, as well as its final judgment thereupon rendered."

The plaintiff further insists that even in cases where the order of sale is issued within six months from the date of the decree, where appraisement is waived, if sale is made and confirmed within six months without any objections from the parties affected, the illegality is waived and the sale is valid. On this point plaintiff cites the cases of Oklahoma City Packing & Provision Company et al. v. Pearson, 94 Okla. 124, 220 P. 932; and Cudjo et al. v. Harris, 119 Okla. 69, 248 P. 343.

It is true that the defendants did not file any objections to the confirmation of sale. However, we do not deem it necessary to decide the point here insisted on, because we base our decision on other grounds.

The record in this appeal shows that plaintiff had a valid judgment of foreclosure against all of the defendants more than six months before the order of sale issued. The period of redemption for the defendants, the Van Antwerps, commenced on the date of the rendition of that judgment. The fact that said defendants litigated some question with the cross-petitioners in said action after the entry of the decree of foreclosure in no way affects plaintiff's rights.

Marshall v. Thomas, 148 Okla. 113, 299 P. 474.

We hold that the order of sale issued herein more than six months after the date of the foreclosure decree is valid, and that it was not necessary for plaintiff to wait six months from the date of the modified decree before issuing the order of sale. The action of the lower court in overruling the motion of the defendants to vacate the confirmation of sale and to set aside sheriff's deed was correct.

There is one other assignment to be disposed of. The defendants further contend that the court committed error in refusing to vacate the confirmation of sale because the property did not sell for an adequate price. The judgment was for $3,769.92 and costs. The property sold for $2,000. Since the defendants have appealed by transcript and did not bring the evidence as to the value of the property to this court for review, we cannot pass on the question of its value or on adequacy of sale price. Sherman et ux. v. Fidelity Mutual Life Insurance Co., 170 Okla. 99, 36 P. (2d) 502. If evidence on this question was taken before the trial court, the same should have been brought to this court by proper procedure if defendants desired a review of such evidence.

In a foreclosure action, without appraisement, the presumption is indulged that the price bid and paid, as shown by the return of the officer, was the reasonable market value of the property in the absence of a showing in the record to the contrary. Oklahoma Farm Mortgage Co. v. Hatcher, 106 Okla. 262, 234 P. 203.

This court held in Miller v. Farmers' National Bank, 94 Okla. 101, 221 P. 71, that, in a foreclosure sale where the appraisement is waived, it is not error, in absence of fraud, to overrule an objection to confirmation of sale on ground that the property did not sell for its true value.

A mere statement by counsel in his brief that the defendants could secure a loan on the property for an amount greater than the sale price cannot be considered upon the question of adequacy of sale price.

Finding no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. Cal Counts, V. P. Crowe, and C. D. Ellison in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar,

appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Counts and approved by Mr. Crowe and Mr. Ellison, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.