Clara M. SYMES, Plaintiff in Error,

v.

PANHANDLE CO-OPERATIVE ROYALTY COMPANY, a Corporation, Flag Oil Company of Oklahoma, a Corporation, and Flag Oil Corporation of Delaware, a Corporation, Defendants in Error.

No. 41203.

Supreme Court of Oklahoma.

May 24, 1966.

Rehearing Denied Dec. 6, 1966.

Second Rehearing Denied Jan. 3, 1967.

Sparks, Boatman & Rizley, Woodward, for plaintiff in error.

V. E. Stinchcomb and John Romig Smith, Oklahoma City, for defendant in error Panhandle Co-Operative Royalty Co.

Howell & Smith, Oklahoma City, for defendant in error Flag Oil Corporation of Delaware.

HALLEY, Chief Justice.

There is involved here an action to quiet title to mineral interests. Plaintiff appeals from the judgment of the trial court denying her relief. Parties will be referred to as they appeared in the trial court. Plaintiff will be referred to as "Plaintiff". Defendant Panhandle Co-Operative Royalty Company as "Panhandle". Defendants Flag Oil Company of Oklahoma and Flag Oil Corporation of Delaware as "Flag". The interests of all defendants are identical.

The undisputed facts developed to a large extent from documentary evidence, are as follows:

On August 7, 1924, Forest Savere acquired title in fee to lands legally described as the Northeast Quarter (NE¼) of Section 27, Township 21 North, Range 18 W.

I. M., in Woodward County, Oklahoma, by warranty deed from Alvin M. Queen, recorded on October 6, 1924. On August 30, 1924, Savere mortgaged the property to J. W. Thompson. The mortgage was recorded on September 9, 1924. Savere reconveyed the property to Alvin M. Queen by warranty deed executed on January 7, 1927, filed on March 7, 1927, subject to the Thompson mortgage. Queen by mineral deed dated May 11, 1927, recorded on May 27, 1927, conveyed to defendant Panhandle an undivided one-half (½) mineral interest in said property. It is conceded that the mineral interest conveyed was subject to the Thompson mortgage.

Panhandle on May 11, 1927 assigned to the Flag Oil Company of Oklahoma an undivided one-eighth (⅛) mineral interest in said property. The assignment was recorded on October 3, 1939. Flag Oil Company of Oklahoma, by mineral deed dated March 2, 1948, conveyed its mineral interest in said property to Flag Oil Corporation of Delaware. The mineral deed was filed on November 13, 1948.

J. W. Thompson foreclosed his mortgage on the property and secured a sheriff's deed on January 7, 1929. The foreclosure proceedings will be discussed later in this narrative of facts. Thompson conveyed the property to Lee Stafford by warranty deed, dated February 28, 1929, and filed March 19, 1929. Stafford conveyed the property to Claude A. Lynes by warranty deed dated March 12, 1930 and filed March 13, 1930. Lynes conveyed the property to Louis Symes, by warranty deed, dated August 19, 1937, and filed August 19, 1937. Louis Symes died testate on October 17, 1948 and the property was set over to his wife Clara M. Symes, the present owner and plaintiff in this action by decree entered in the County Court of Garfield County, on June 18, 1951. Clara M. Symes leased the entire mineral interests in said premises by oil and gas lease to H. S. Smith on June 21, 1951. The lease was assigned to Continental Oil Company on June 27, 1951. Continental

has paid delayed rentals on the lease to Clara M. Symes.

Referring back to the foreclosure action which occurred in 1928, J. W. Thompson filed in the District of Woodward County, Cause No. 5332, same being an action to foreclose the mortgage executed by Forest Savere and Mary Savere. Named as defendants were Forest Savere, Mary Savere, Panhandle Co-Operative Royalty Company, Geardia Queen, Mrs. Geardia Queen, Alvin M. Queen, Jess Garrell and Mrs. Jess Garrell.

A hearing was had in the case on April 26, 1928. The court found that all the defendants had been notified of the pendency of the action with the exception of the defendant Panhandle Co-Operative Royalty Company and the cause was continued as to it.

The court entered a money judgment against the defendants Forest Savere and Mary Savere, foreclosed the mortgage and directed a sale of the property after six months from the date of the judgment.

The court further directed that "from and after such sale and the confirmation thereof" the defendants naming them and "all persons claiming through or under them, or either of them, be and they are forever barred and foreclosed of any, claim, right, title, interest, equity or estate in or to said lands and tenements or any part of them".

The cause came on for further hearing as to the defendant Panhandle Co-Operative Royalty Company on May 4, 1928. The court found "that heretofore judgment was rendered against all the defendants save and except the Panhandle Co-Operative Royalty Company and that said cause was continued as to them;" and further found that "all the allegations of plaintiff's petition are true and are confessed by the defendants." The court re-entered the judgment against the Savere defendants and directed that the property be sold after six months. "It was further ordered, adjudged and decreed by the court that from and after such sale and at the confirmation

thereof the defendants Panhandle Royalty Company, and all persons claiming through or under it, be and they are forever barred and foreclosed of any claim, right, interest, title or equity in or to said lands and tenaments or any part of them".

At the trial the parties stipulated that proper service was had upon all the parties and all proceeding prior to the judgments were regular. It was further stipulated that the court had jurisdiction to enter both judgments and they were valid and regular. Defendants in this court concede that the two judgments were valid and regular but challenge the effect of said judgments and the sale based thereon in foreclosing their mineral interests.

In the foreclosure proceedings on November 19, 1928, an order of sale was issued directing the sale of the property. All of the parties including Panhandle Co-Operative Royalty Company are listed in the caption. The order recites that "on the 26th day of April, 1928, in an action then pending in said court wherein J. W. Thompson was plaintiff and the persons, firms and corporations named in the caption hereof were defendants, said plaintiff recovered judgment."

The notice of sale provided that "said sale will be made pursuant to an order of sale issued out of the office of the Court Clerk of Woodward County, Oklahoma upon a judgment entered in the District Court of Woodward County, Oklahoma, in an action wherein J. W. Thompson is plaintiff and Forest Savere, et al. are defendants, to satisfy the judgment and decree rendered in said suit on the 26th day of April, 1928, in favor of J. W. Thompson as plaintiff". The sheriff sold the property at public auction and it was purchased by the plaintiff J. W. Thompson. The order confirming the sale approves the regularity of the proceedings and "further ordered that the sheriff put said purchaser into immediate possession of said premises and each and every part thereof and that if the parties to this action or either of them or anyone claiming by, through or under them

or either of them fail to deliver immediate possession of said premises to the purchaser, the sheriff acting under this order as a writ of possession shall immediately place said purchaser in immediate possession of said premises."

The trial court in this case entered judgment in favor of the defendants "Panhandle" and "Flag", holding that these parties were not divested of their mineral interests by the judgments entered in the foreclosure action, Cause No. 5332, on April 26, 1928, and May 4, 1928, and the subsequent sale of the property in accordance with the judgment entered on April 26, 1928. The sole question for determination of this Court on appeal is the correctness of the judgment of the trial court.

■ In the 1928 foreclosure proceedings, the plaintiff, J. W. Thompson sought a money judgment and foreclosure of a mortgage against Saveres the makers. It is apparent that the only reason Panhandle was joined as a party was so it could assert any claims it might have as owners of mineral interests subject to the mortgage of the plaintiff. Plaintiff first secured service on the Saveres and they defaulted. He secured a judgment against the Saveres on April 26, 1928. As service had not been secured on Panhandle the case was continued as to it. Such procedure is authorized under the provisions of § 178, Title 12, O.S.1961. In State ex rel. Comr's of Land Office v. Keller, Okl., 264 P.2d 742, this Court said:

"In a foreclosure action where defendants jointly and primarily liable are served with summons and defendants not served are in privity with those served and held only an inferior interest in the land being foreclosed against, the plaintiff may recover a valid judgment against those defendants primarily liable and served and continue the case as to those not served, or dismiss as to them where their rights were acquired after the effective date of the mortgage being foreclosed. Sec. 178, 12 O.S.1951."

The defendant Panhandle entered its appearance in the case. The defendants concede that Panhandle was properly before the court at the time judgment was entered against it.

The interests of the defendant Panhandle in the property were inferior to those of the plaintiff Thompson in the foreclosure action. Thompson sought no money judgment against Panhandle. His reason for joining Panhandle as a party could only have been to enable it to assert any claims it might have in the litigation as the owner of an inferior interest in the property. It was given an opportunity to assert it's claims but failed to do so. On May 4, 1928, Panhandle confessed "all allegations of plaintiff's petition" and failed to contest the action. The court entered judgment against Panhandle as follows:

"It is further ordered, adjudged and decreed by the court that from and after such sale and the confirmation thereof the defendants Panhandle Royalty Company, and all persons claiming through or under it, be and they are forever barred and foreclosed of any claim, right, interest, title or equity in or to said lands and tenements or any part of them."

Panhandle is bound by this judgment entered more than 30 years ago. It should not be permitted to sit idly by during this long period of time and now seek to assert rights it forfeited many years ago.

The facts presented in Yoder v. Robinson, 45 Okl. 165, 145 P. 775 are quite similar to those presented herein. They are as follows: Robinson filed on May 28, 1910, a foreclosure action against Taylors. He joined as a party defendant Yoder, the holder of a second mortgage on the property. Summons was served upon the Taylors, but no summons was served on Yoder. On September 26, 1910, foreclosure judgment was entered against the Taylors and the cause was continued as to Yoder. Service by publication on Yoder was commenced on April 24, 1911 and completed on May 12, 1911.

In the meantime on May 8, 1911 the property involved was sold under order based on the judgment entered against the Taylors on September 26, 1910. The property was purchased by Robinson for less than the amont due on the judgment against the Taylors. The sale was confirmed by the court.

On July 24, 1911, Yoder filed an answer in the case in which he sought to have the action abated because the sale of the property pursuant to the judgment against the Taylors. He alleged that at the time the judgment was entered he had not been served with process. On November 3, 1911 the court entered a judgment on the pleadings in favor of the plaintiff, Robinson and against Yoder. The court entered a supplemental and final decree reading in part as follows:

"It is therefore ordered, adjudged, and decreed that the equity of redemption of the defendant S. T. Yoder, in and to the lands described in the petition, * * * be and the same is forever barred from setting up or asserting any right to redeem said land or any part thereof from the sheriff's sale heretofore made herein, or from claiming or asserting any claim to any interest in or lien upon said real estate."

This Court affirmed the judgment in favor of Robinson. This Court held that it was incumbent upon Yoder when he filed an answer in the case to set up all claims he might have of a secondary nature in the foreclosure action and upon his failing to do so he is bound by the supplemental judgment entered in the action barring him from "asserting any claim to any interest in or lien upon said real estate." A portion of the opinion reads:

"On the first proposition we are of the opinion that the court below committed no error in entering the judgment and the decree against Yoder in the original proceeding. Whether the action is treated as a continuation of the original proceeding, or as a new action, it is difficult to see how any of the rights of the second

mortgagee in the premises which he desired to protect could not have been protected. In the present proceeding he made a general appearance and presumably set up in his answer all the defenses he had tending to defeat the plaintiff's cause of action against him. If the action had been commenced de novo, he could have done no more. We may assume, then, that counsel for plaintiff in error is correct in his contention that:

'While Yoder, as the holder of a junior lien, had a right at any time prior to the sale of said property to redeem said property from the lien of the first mortgage and become subrogated to the rights of the first mortgagee, he was under no legal obligation to do so. * * * He had a right to stand upon his right to a foreclosure and sale for the satisfaction of his own indebtedness.'

"And yet, it would not strengthen their position, for even if they were entitled to the right of foreclosure, as they contend, they could as well assert such right in the original action as to require the first mortgagee to commence over again. In the answer filed they do not offer to redeem, nor do they seek to assert the right which they now claim of a foreclosure and sale for the satisfaction of their own indebtedness. Equitable principles must be applied to actions of this kind. It seems trivial to ask an appellate court to reverse a judgment and decree rendered in such a proceeding for no other reason than to afford an appellant an opportunity to assert rights in an action de novo *which he already has had ample opportunity to set up in his answer and did not do so.* Entertaining this view, it is not necessary to decide whether the second mortgagee was entitled to redeem or, as he contends, 'had a right to stand upon his right to foreclosure and sale for the satisfaction of his own indebtedness.'

"Moreover, as the relief prayed for in the petition is not joint as between the Taylors and Yoder, service not having been had on Yoder, and the Taylors having been served and defaulted, sections 5917 and 5619, Comp.Laws Okl.1909, then in force, were applicable. Though not served with the process Yoder was a defendant in contemplation of these provisions, and the steps taken as to him were regular and as binding upon him; he having been brought in as if served in the first instance."

Applying the Yoder case to the present case, in the instant case Panhandle entered its appearance in the case. It had an opportunity to present any claims it desired to make in asserting and protecting its rights as the owner of a mineral interest. This it failed to do and the supplemental judgment entered against it on May 4, 1928 is final, and bars it from asserting its contended claim in the present proceedings.

The facts in Ward v. Ayres, Okl., 376 P.2d 579, are similar to those presented herein. In the case, Ward in 1921 conveyed certain land to one Amason reserving to himself an undivided two-thirds interest in the minerals. Amason executed three mortgages on the tract, the third being to the grantor Ward. In a foreclosure action brought by the holder of the second mortgage in 1923, Ward was made a party, plaintiff alleging in its petition that Ward claimed some interest in the land. Ward was personally served with summons and filed an answer and cross-petition in which he sought foreclosure of his third mortgage but made no mention of his reserved two-thirds mineral interest. The foreclosure proceedings were completed and by subsequent conveyances Ayres became the owner of the land. In 1959 Ayres filed an action to quiet title to the two-thirds mineral interest reserved by Ward. A judgment was entered in the trial court in favor of the plaintiff quieting title and affirmed by this Court. We held that upon being served with summons in the foreclosure proceedings Ward became a party for all purposes and if he failed to set up his claim for mineral interest, he is barred from asserting it

later in subsequent proceedings. Portions of the opinion read:

"The first contention, supra, is asserted in the following language in the brief of plaintiffs in error: '* * * the judgment of the trial court in the mortgage foreclosure case through which plaintiffs claim title being cause No. 3012 in the District Court of Atoka County Oklahoma, is wholly void insofar as it relates to them and that it did not and does not operate to divest them of their title to an undivided two-thirds interest in the oil, gas and other minerals under said land, and it did not and does not operate to vest title to the same in the plaintiffs.'

"Counsel asserts that a void judgment may be attacked collaterally or otherwise at any time. With this we agree. But was this judgment void? The cases cited by counsel to support his position are cases where the court was either without jurisdiction of the parties or subject matter or some order entered without the power of the court to enter such an order. This is not such a case. Here the court had jurisdiction of the land, it being in the county where the court was. It had jurisdiction over Ward, personal service of summons having been served upon him.

"We cannot agree with the statement of counsel that there was anything on the face of the record disclosing the invalidity of the judgment. In other words, counsel contends that because the judgment may have been erroneous, it is void. The distinction between error and power is not recognized.

*    *    *    *    *    *

"Here the defendant, Ward, appeared and set up his mortgage and secured a judgment foreclosing it, and during the balance of his life, as far as this record discloses, never made any objection to the judgment and sheriff's deed conveying all the minerals as well as the surface. *The petition for foreclosure called upon Ward to set up his interest, and he did this very thing.* We are of the opinion that he and his heirs are not only estopped to question the judgment but are also precluded by the doctrine of res. adjudicata.

*    *    *    *    *    *

"If the defendant, Ward, *failed to assert his entire interest, the judgment is none the less binding upon him and those in privity with him.*"

In Van Antwerp v. Garnett, 174 Okl. 144, 50 P.2d 609, plaintiff on April 21, 1932 secured a foreclosure judgment against the defendants. Two judgment creditors were made parties to the action and their claims were declared junior liens. on the property and ordered satisfied after plaintiff's judgment was paid. Defendants on April 28, 1932 filed a motion to modify the judgments in favor of the cross-petitioners contending that the property involved was a homestead and not. subject to the junior liens of the judgment. creditors. On May 28, 1932, the court entered a judgment decreeing that the cross-petitioners were without liens upon said homestead property. October 25, 1932, more than six months after the entering of the foreclosure decree on April 21, 1932, but less than six months from the entering of the modifying decree, on May 28, 1932, an order of sale was issued and the property sold to the plaintiff. Defendants. sought to vacate the sale contending that the six month redemption period commenced on May 28, 1932, the date of the modifying judgment instead of April 21, 1932, the date of the original foreclosure judgment. The trial court overruled the motion and this Court affirmed. Portions. of the opinion read:

"It is the contention of the defendants. that the sale is void because prematurely held * * *.

"The record in this appeal shows that. plaintiff had a valid judgment of foreclosure against all of the defendants. more than six months before the order of sale issued. The period of redemption for the defendants, the Van Antwerps,. commenced on the date of the rendition.

of that judgment. The fact that said defendants litigated some question with the cross-petitioners in said action after the entry of the decree of foreclosure in no way affects plaintiffs' rights. Marshall v. Thomas, 148 Okl. 113, 299 P. 474.

"We hold that the order of sale issued herein more than six months after the date of the foreclosure decree is valid and that it was not necessary for plaintiff to wait six months from the date of the modified decree before issuing the order of sale. The action of the lower court in overruling the motion of the defendants to vacate the confirmation of sale and to set aside sheriff's deed was correct."

In the present case the fact that the defendant, Panhandle, and the plaintiff litigated the question of the interest, if any, of Panhandle in the property after the entry of the decree of foreclosure in no way affects plaintiff's rights including his right to sell the property in accordance with the provisions of the foreclosure decree.

In Covington v. Anthony, 191 Okl. 266, 128 P.2d 1012, this Court said:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all the matters litigated and determined in the former action, but also as to all matters germane to issues which could or might have been litigated therein."

Panhandle was a party to the 1928 foreclosure proceedings. It did not assert its contended mineral interests but permitted a judgment to be entered against it forever barring any claim or interest it might have in the property. It cannot now be asserted 30 years later in an action to quiet title to the property.

The judgment of the trial court is reversed and this cause is remanded to the trial court with directions to enter judgment in favor of the plaintiff.

DAVISON, WILLIAMS, BLACKBIRD, BERRY, and HODGES, JJ., concur.

IRWIN, J., concurs specially.

JACKSON, V. C. J., concurs in result.

LAVENDER, J., dissents.

IRWIN, Justice (concurring specially).

On May 4, 1928, a valid and binding judgment was rendered against Panhandle Co-Operative Royalty Company, referred to as Panhandle, foreclosing the mortgage against the mineral interest of Panhandle, and ordering the property to be sold unless the judgment was paid within six months. It was ordered and decreed that from and after such sale and the confirmation thereof, Panhandle, and all persons claiming through or under it, would be barred and foreclosed of any right, title or interest in said property.

In Anderson v. Barr, 178 Okl. 508, 62 P.2d 1242, we held that a mortgage lien on real estate is not merged into a decree of foreclosure, nor is it extinguished by the mere rendition of a decree of foreclosure but it is extinguished only by sale. In the above case we said:

"* * * in Oklahoma, as in common law, it is the sale and the deed and these alone that convey the property right, interest, or title of the mortgagee and mortgagor. It is the sale and deed and not the decree that gives to the mortgagee the fruits of his lien. It is the lien that gives to the mortgagee the right to have the specific property sold and the proceeds applied. The decree neither adds nor subtracts from the right; it only aids in the enforcement of it.

"Until the sale and deed nothing has changed; the mortgagor remains the owner of the equity of redemption of fee title, and is entitled to the benefits of the land and the mortgagee is still only a lienor."

Under the above authority, it could not be seriously asserted that Panhandle was divested of any right, title and interest in and to its mineral interest by virtue of the foreclosure judgment of May 4, 1928. It necessarily follows that if Panhandle was divested of its interest it was by virtue of the sale proceedings and not by virtue of the May 4, 1928 foreclosure judgment.

Therefore, the controlling issue is whether the sale proceedings were sufficient to divest Panhandle of its mineral interest.

The Order of Sale issued by the court clerk specified the judgment of April 26, 1928, but did not designate the judgment of May 4, 1928. However, Panhandle was designated as a defendant with all the other defendants.

The Notice of Sheriff's Sale specified the judgment of April 26, 1928, and not the judgment of May 4, 1928. The Return of Sheriff and Order Confirming Sale did not designate the judgment of April 26, 1928, or the judgment of May 4, 1928. The Sheriff's Deed specified the judgment of April 26, 1928, and Panhandle was designated a party defendant in the foreclosure action against whom a judgment was recovered.

In Dixon v. Peacock, 43 Okl. 87, 141 P. 429, a judgment was rendered on *March 26, 1910, in favor of Sarah Jacobs, Guardian of John Holmes and Bennie Holmes, Minors.* An execution was issued which recited that " * * * Sarah Jacobs on the 25th of March, 1910,* obtained a judgment * *." In discussing the contention that the execution was void, in that the judgment was in favor of Sarah Jacobs, guardian, when the execution ran in favor of Sarah Jacobs as an individual, we said, " * * * taking the execution as a whole, it sufficiently followed the judgment and identified the party plaintiff as the party to the judgment, and it is valid against a collateral attack. * * *" We further said that no doubt a motion to correct the execution would have been sustained by the court, or had a motion been made to quash and recall the same, it perhaps would have been adjudged well taken; but such an irregularity, after the property had been sold under execution and return of the proceedings thereof filed by the sheriff and confirmed by a judgment of the district court, are valid against a collateral attack. The discrepancy in dates was not challenged.

In McLain Land and Investment Company v. Kelly, 11 Okl. 26, 66 P. 282, the Supreme Court in construing Section 472 of the Statutes of 1893, which has not been materially amended in so far as pertinent to this appeal (see Title 12 O.S.1961, Sec. 764) held that the statute does not require the officer to include in his notice of the time and place of sale, the names of either the plaintiff or the defendant as it is of no importance to the public whether the execution debtor was named or not in the notice of sale. We said the statute nowhere prescribes that the name of the judgment debtor shall be inserted in the advertisement or that the omission of his name shall constitute an error for which the sale may be set aside or invalidated, and in the absence of such statute requiring it, a sale will not be vitiated by the failure of the notice to set out the names of the parties.

Neither the present statutory provision (Sec. 764, supra) nor the statute in effect when the sale proceedings in the instant action were had require that the date the judgment was rendered be inserted in the notice of sale.

In Berke v. Home Owners' Loan Corporation, 192 Okl. 124, 134 P.2d 346, we held:

"The court will not set aside a foreclosure sale for an irregularity consisting of offering and selling the property in a mode different from that prescribed in the decree unless the party applying to have the same set aside shows some real or substantial injury to his rights."

In Smith, Gdn. v. Curry, 155 Okl. 235, 9 P.2d 19, we held:

"It is not required, on motion for confirmation, to look into the judgment or execution further than is necessary to

determine whether the officer has properly performed his duty under the writs nor permitted to decide upon the legality of either. The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record are regular, and a direction to the sheriff to complete the sale. If the execution is irregular or unauthorized by law, the defendant has his remedy by motion to set it aside, or, if it is void, by controverting the title made under it."

In Johnson v. Bearden Plumbing & Heating Co., 180 Okl. 586, 71 P.2d 715, we said:

" * * * a reading of the cases annotated under section 456, O.S.1931, and 12 Okl.St.Ann. § 765, notes 41–53, discloses that it is not mere irregularities which render the proceeding voidable, but steps omitted or defectively performed which are deemed material to the jurisdiction of the court to proceed, which render the proceeding void that justify vacating an order of confirmation."

30A Am.Jur., Judicial Sales, Sec. 140, p. 982, states that an order confirming or refusing to confirm a judicial sale is a final and conclusive judgment, with the same force and effect as any other final adjudication of a court of competent jurisdiction, determining, until set aside, the rights of all parties, and concluding as by a judicial decree all matters involved in the scope of the proceeding, including those which the court might have been called upon to decide had the parties chosen to bring them forward as objection to the confirmation. Sec. 142, of 30A Am.Jur., supra, states that since it has the effect of a final conclusive judgment, a final order of confirmation cures all irregularities and errors in the decree and the proceedings under it, which are not of a jurisdictional nature. See also 1 A.L.R., p. 1431, which discusses grounds for collateral attack on judicial and execution sales.

Without considering the applicability of the Statute of Limitations (see Title 12 O.S. 1961, Sec. 93), I am of the opinion that the sale proceedings in the instant action divested Panhandle of its mineral interest. I therefore concur specially in the opinion promulgated by a majority of my associates.

I am authorized to state that WILLIAMS and BERRY, JJ., concur in the views herein expressed.